———o———

Robert P. Faulkner, *et al.*, Respondent, *vs.* South Pacific Railroad, Appellant.

1.—*Railroads —Freights — Transportation — Pressure of business—Inadequacy of rolling stock.*—Where, by reason of unusual pressure of business, the rolling stock of a railroad is inadequate for the transportation of freight, the company may decline to receive it, without incurring any liability; but where the freight is received and shipped, the railroad must forward it without delay, or answer for damages caused thereby. And in such case the measure of damages will be the difference in the price of the goods when they ought to have been delivered, and when they were actually received at their place of destination.

*Appeal from Laclede Circuit Court.*

*James Baker and J. N. Litton,* for Appellant.

*R. P. Bland* for Respondent.

Adams, Judge, delivered the opinion of the court.

The plaintiff sued the defendants for damages growing out of the alleged breach of contract of affreightment from St. Louis to Lebanon, and from Arlington to Lebanon also, for goods sold and delivered, and upon an account for lost goods assigned to plaintiffs.

The petition alleges that defendant is a corporation, and that it is a common carrier of goods and passengers from St. Louis to Lebanon. This allegation is not noticed by the answer, and it therefore, for the purpose of this case, must be

taken as true, and this will dispose of the question of alleged partnership between the two railroads, as it makes no kind of difference whether the two railroads were partners or not. They nevertheless could make an arrangement whereby the South Pacific might become liable as a common carrier for shipments, etc., in connection with the Pacific Railroad Company from St. Louis to Lebanon, and as this allegation is not denied, the presumption is that this arrangement did exist.

The answer after thus impliedly admitting the above allegation, denies all the other material allegations of plaintiff's petition, and sets up as a counter-claim the sum of two hundred dollars which had been paid by mistake to the plaintiff. This two hundred dollars is also referred to in the petition, and deducted from the amount of damages claimed by the plaintiffs. The plaintiffs based their right to damages on the ground of delay in forwarding their goods to their places of destination, after they had been shipped or received by the defendants on board of their cars, and charged that the goods during this time declined in value, and the difference in value between when they ought to have been delivered, and when acually delivered is the gravamen of their complaint as to these shipments. They also claim that some lumber shipped was never delivered, and claim that it was converted by the defendants.

The plaintiff introduced evidence tending to prove their case as laid in the petition, and conducing to show that there was a delay of several days in delivering the goods beyond a reasonable time for that purpose.

The defendants introduced evidence tending to show that at the time these goods were shipped, there was a large accumulation or rush of business of this character, which amounted to more than the rolling stock could carry, and that the delay grew out of this extraordinary rush of busines; that they had sufficient rolling stock for the usual or ordinary transaction of the business of the road. The first point relied on by the appellants is, that the company was released from liability for the delay in the delivery of the goods by the extraordinary rush of business, which required more than the

usual amount of rolling stock, &c.  If this had been a mere
offer to deliver goods for transportation, the company would
have been justified in refusing to receive them, on the ground
referred to.   But the petition alleges an actual shipment, and
this allegation  is  supported by the proof.   Where goods are
actually shipped, it is  the  duty of  common  carriers to send
them forward without delay.   After the reception of the goods
it is too late to look to the  rolling stock, &c.   They must do
this before the reception of the goods ; and if there be an un-
usual influx of business  beyond  their capacity, they may de-
cline an offer for  shipment  of  goods without incurring any
liability.    This doctrine was  maintained  by  this court in
Tucker vs. The Pacific Railroad Company, 50 Mo., 385 ; and
we see no reason now to disturb this ruling.

The  next  point  is  in regard to the  measure of damages.
This question was  also  presented  in  Tucker vs. The Pacific
Railroad Company, by  an  instruction  to the  effect that the
measure of damages was the difference in the price of the goods
between when they ought to  have been  delivered, and when
they  were actually received at the place of  destination.   This
instruction  was held  to be  correct, and  it is  substantially
the same as those objected to on that subject in this case.

On the whole record, I think  that  the  verdict and judg-
ment were  for the right  party.  Judgment affirmed.   Judge
Sherwood not sitting.   The other Judges concur.