TEXAS MIDLAND R. R. v. O'KELLEY et al.
(No. 1293.)

(Court of Civil Appeals of Texas.  Amarillo. March 13, 1918.  Rehearing Denied May 8, 1918.)

1. CARRIERS ⊕47(1) — AGENTS — AUTHORITY TO CONTRACT TO FURNISH CARS.

A railroad station agent has authority to contract to furnish freight cars at a certain time and place.

2. CARRIERS ⊕228(5)—DAMAGE TO STOCK — NEGLIGENCE OF SHIPPER.

Evidence *held* sufficient to sustain a finding that a shipper of hogs had no knowledge of a shortage in cars at the time he placed his hogs in railroad stock pens.

3. CARRIERS ⊕129—CONTRACT TO FURNISH CARS—DISCRIMINATION.

A carrier knowing of a car shortage cannot evade its obligation to furnish cars for hogs where it so contracted, where it did not notify the shipper of such shortage, to the shipper's damage, by showing that it would have been a discrimination against other shippers.

4. APPEAL AND ERROR ⊕932(1) — MATTERS REVIEWABLE—ORAL FINDINGS.

In the absence of a special finding on rendering a general judgment, it will not be presumed that the trial court allowed more than was asked for in the petition for certain items of damages, although the court orally stated that damages on such items were an amount in excess of that asked for.

5. APPEAL AND ERROR ⊕926(7)—QUALIFICATION OF WITNESSES—PRESUMPTIONS.

Where no objection was made as to the qualification of witnesses to express opinions, it will be presumed that the court satisfied himself of their qualification, and that appellant was satisfied therewith.

6. APPEAL AND ERROR ⊕931(9)—FINDINGS —REQUESTS—REVIEW.

Since statute requires a party who desires specific findings of fact to make requests therefor when the case is tried before the court, in the absence of such requests, the appellate court will view the evidence in the light most favorable to the judgment.

7. APPEAL AND ERROR ⊕553(1)—STATEMENT OF FACTS—BILLS OF EXCEPTIONS—REVIEW.

A bill of exception cannot be considered as a part of the statement of facts, nor as part of the judgment, nor as a finding of fact by the court upon which the judgment is based.

Appeal from Hunt County Court; A. J. Gates, Judge.

Action by S. F. O'Kelley and another against the Texas Midland Railroad.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

Coke & Coke and S. W. Marshall, all of Dallas, and Dashiell, Terry & Brown, of Terrell, for appellant.  Carpenter & Horton, of Greenville, for appellees.

HUFF, C. J.  This was an action brought by O'Kelley and Wolfe for damages to 115 head of hogs, occasioned by the negligence of the Texas Midland Railroad.  It is alleged by the appellees that on the 9th day of January, 1917, they made a contract with the appellant company to ship 115 hogs from Quinlan, Tex., over its road by the way of Greenville and the St. Louis & Southwestern Railway Company to Ft. Worth, and that its duly authorized agent agreed that a car would be furnished at Quinlan for such service on January 11, 1917, following, and that appellees advised the agent they would have their hogs there on that day ready for shipment; that in pursuance to such agreement they placed their hogs in the pens of appellant on the morning of the 11th, but appellant failed to furnish a car at said time and not until January 17, 1917; on the third day following the placing of the hogs in the pens a seven-inch snow fell, and that until the car arrived the hogs were in open pens, exposed, etc.; that there were no troughs in the pens, and the hogs were mast fed and not used to dry feed.  By virtue thereof and in routing them by Terrell and the Texas & Pacific Railway Company, instead of by Greenville, as directed, the appellee suffered damages, itemizing the damages, aggregating $565.45.  The answer alleges want of authority in the agent to make the contract, and alleges there was an unprecedented demand for stock cars at that time and that it was impossible to furnish the cars on that day without discriminating against other shippers, and alleged contributory negligence and driving the hogs to pen off the mast without first knowing that the car was ready, and in thereafter holding them in the pens, etc.  The case was tried before the court without a jury, who rendered judgment for $270.30 damages.  There are no findings of fact or conclusions of law in the record filed by the trial court.

The first assignment is that the court erred in not holding the contract void because the car could not have been furnished without discriminating against other shippers desiring to transport stock.

[1-3] The local agent had authority to make the contract for cars.  McCarty v. Railway Co., 79 Tex. 33, 15 S. W. 164; Easton v. Dudley, 78 Tex. 236, 14 S. W. 583; Railway Co. v. Bishop, 154 S. W. 305, 310. If the testimony of the appellees is true, after delivering the hogs they asked the agent about the car every day, and he promised 'each time that he would have it there the next day, and on one occasion after the hogs were in the pen he said there was a car shortage, but promised to have the car there the next morning, and on another occasion said that McKay told him not to trouble him any more about the car.  Written notice was given by appellee on the 15th to furnish the car, and on the 17th the car was furnished.  The court, from the evidence, we think,.

was justified in finding that the appellee had no notice of any car shortage until after the hogs were placed in the pen, and, when they received this notice it was coupled with a promise to have the car there the next morning. Written notice was then given, and the car arrived in less then two days. Before appellant agreed to furnish the car, if it desired to cast the onus on appellee, it was its duty to notify them of the shortage. Railway Co. v. Stark Grain Co., 103 Tex. 542, 131 S. W. 410; Railway Co. v. Word, 159 S. W. 375, 388. We do not think, if the appellant knew of the car shortage when it made the contract to furnish the car on the 11th and thereby induced the shippers to deliver the hogs at the pens for shipment, that it can then evade its obligation by showing that owing to a shortage there would be discrimination against other shippers. Knowing the facts at the time it made the contracts it ought not to have made the agreement to furnish the car on that date, thereby inflicting loss by its own wrong.

[4] Assignments 2 to 6, inclusive, are based on a bill of exception taken upon the trial to an oral statement by the trial judge that his judgment was based on certain items and the amount of the respective items. The judgment is a general one for $270.30. There is no finding of fact in the record showing upon what the judgment is founded. One ground or item, as shown by the bill, is for feed at Ft. Worth to prepare the hogs as to condition before placing them on the market. It is said by appellant that this was unnecessary; that the hogs would have sold as well without it on the day of arrival as they would without rest and feed. There was a difference of opinion expressed by the witnesses on that point. It is asserted that the amount allowed for shrinkage on account of delays, etc., was too much, as shown by the preponderance of the evidence, and that the item for decline in price based upon the poor appearance of the hogs on account of the treatment was too much. These items were based upon the opinion of witnesses, and there was simply a difference of opinion. It is also asserted that certain feed bills allowed by the court, as shown by his oral statement, were too much; that is, more than the items so alleged and set out in the petition, and therefore fundamental error. The evidence upon the trial warranted the court in stating that the amount stated by him was actually paid for extra feed, etc. But in the absence of a special finding on rendering judgment it will not be presumed that the trial court allowed more than was asked for in the petition for those items. It is also asserted that appellee should have been charged with at least a portion of the injuries asserted. There is nothing in the record to show the court did not do so. In fact, he could have rendered judgment for a greater amount than he did under the evidence as shown by the record.

[5] There appears to be a contention that the witnesses testifying as to the weight of the hogs, their appearance, and the effect upon their sale upon the market, by reason thereof, etc., were not qualified in such matters. There was no objection to their evidence, and, in the absence of such, we think that we should presume the court satisfied himself as to the qualification of the witnesses to give their judgment in such matters, and if appellant had not been satisfied as to their qualification it would have made the proper objection.

[6] The statute requires a party who desires specific findings of fact to make the proper requests therefor when the case is tried before the court. In the absence of such it is the duty of the appellate court to view the evidence in the light most favorable to the judgment. The evidence will support the amount for which the judgment was rendered, and more.

[7] A bill of exception cannot be considered as part of the statement of facts; neither should it be considered as part of the judgment or as a finding of fact by the court upon which the judgment is based. To say the least of it, this action in taking a bill of exception in order to bring up specific findings by the trial court in lieu of the findings required by the statute is a novel one in our practice, and we do not believe we are authorized to consider it as a finding of fact.

The judgment is affirmed.