## SAN ANTONIO SOUTHERN RY. CO. et al. v. BURD. (No. 6843.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1922. Rehearing Denied Jan. 10, 1923.)

1. **Commerce ⟨⟩8(12)—Liabilities of interstate carriers controlled by federal law.**

Respective liabilities of carriers of interstate shipment are controlled by the federal law.

2. **Carriers ⟨⟩177(1)—Initial carrier is liable for entire loss only by virtue of federal statute, and intermediate carriers are not so liable where sued independently thereof.**

Under the provisions of the federal Interstate Commerce Acts, Acts Feb. 4, 1887, § 20, June 29, 1906, § 7, March 4, 1915, § 1, Aug. 9, 1916 (U. S. Comp. St. §§ 8604a, 8604aa), and Feb. 28, 1920, §§ 434–438, that any carrier receiving property for transportation shall be liable for any loss thereto caused by any carrier to which such property may be delivered or over whose line it may pass, the shipper's right to recover the entire damage from one carrier exists only as against the initial carrier, and the liability of intermediate and final carriers remains as at common law, and they are liable to him only for their own acts respectively, and where a shipper sued all carriers concerned the judgment might not assess the whole amount of the damages against each

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 28, 1923.

and all of the defendants jointly and severally, though the jury had apportioned the damages among them.

3. Judgment ⬤�longdash252(3), 256(5)—A judgment for contribution among defendants not praying therefor and assessing damages against one against whom there was no finding held erroneous.

Where a shipper, instead of availing himself of the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa), and suing the initial carrier, sued all, intermediate and final, a judgment for the shipper was erroneous in decreeing contribution among the defendants, none of whom prayed therefor, and in assessing damages against the initial carrier, against which the jury found no damages.

Appeal from District Court, Atascosa County; Corey C. Thomas, Judge.

Action by J. L. Burd against the San Antonio Southern Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. S. Shapard, of Dallas, Cobbs & Wiggin, and Guinn & McNeill, all of San Antonio, L. B. Wiseman, of Floresville, and Dabney & King, of Houston, for appellants.

Nat L. Hardy and R. R. Smith, both of Jordanton, for appellee.

SMITH, J. J. L. Burd sued the San Antonio Southern Railway Company, the Missouri Pacific Railway Company, James A. Baker, receiver of the International & Great Northern Railway Company, and J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company, for damages to two carloads of onions, and one carload of potatoes, which were shipped, each car on a different date, from Poteet, Tex., to St. Louis, Mo., in April and May, 1920. Burd alleged that the damages were occasioned by delays in transportation, and consequent depreciation in condition of the products shipped, and a decline in their market price. It was alleged that the damages occasioned to one car of onions was $1,320.50; to the second car of onions, $950.05; to the car of potatoes, $949.49; and that these several items aggregate $3,582.51. The correct total, however, was $3,208.04. The jury on special issues found the first car of onions was damaged $1,320.50, as alleged; the second car of onions, $950.05, as alleged; the car of potatoes, $935.49, $2 less than the amount alleged, but found the aggregate of these items to be $3,582.49, which is two cents less than the alleged total. The correct total, however, was only $3,206.04. The court rendered judgment for Burd on these findings for $3,582.49, the amount alleged less two cents, and the exact total found by the jury. The transcript shows that after the motion for new trial was overruled, Burd filed a remittitur of $376.55, "which will reduce said total judgment to the

sum of $3,205.94," and asked the court to reform the judgment accordingly, which the briefs of the parties agree, but the transcript does not seem to show, was done. This remittitur was obviously made for the purpose of correcting the error in addition made by the jury in arriving at a total of the separate items of damages found by them. It is equally obvious that the jury were led into this error by the allegations in the petition, which they followed with almost uncanny fidelity, and the court in turn was misled by the jury's error. It is remarkable, even if not significant, that none of the parties discovered, or if they discovered did not specifically point out, this error in calculation, until judgment was rendered, and the motion for new trial overruled.

The cause was submitted to the jury on special issues, in response to which they found that all the defendants, except the initial carriers, San Antonio Southern Railway Company, were guilty of negligent delays of the shipments of produce, that the products shipped were damaged in the sum of $3,582.49, "which he (plaintiff) claims," and apportioned the amount against receiver Baker, $895.62, receiver Lancaster, $895.62, and the Missouri Pacific Company, $1,791.25, and again found the total damages to be $3,582.49. Upon this verdict, the court rendered a very full and somewhat complicated judgment, the outstanding features of which are, (a) that the whole amount of the damages found by the jury was assessed against each and all the defendants, jointly and severally; (b) that the San Antonio Southern Railway Company have judgment over against each of the other defendants for the proportionate amount of the whole judgment assessed against it; and (c) decreeing a contribution among the defendants other than the San Antonio Southern Company, so that if either of said defendants should at any time be required to pay over to plaintiff more than its proportion of the whole judgment it should have judgment and execution against the other defendants for such excess. We do not think such judgment was warranted under the verdict, the evidence, the pleadings, or the law, or either of them, and "appellee's counsel very frankly admits that there seems to be a little more judgment in this record than the law can stomach under the literal construction of it," although insisting that as a practical matter it is not materially objectionable.

[1-3] This was an interstate shipment, and the respective liabilities of the carriers was controlled by the federal law. Adams Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. The shipment was made in pursuance of a bill of lading issued by the San Antonio Southern Railway Company, the initial carrier, by virtue

of the provisions of the federal Interstate Commerce Acts. Acts Feb. 4, 1887, c. 104, § 20, 24 Stat. 386; June 29, 1906, c. 3591, § 7, 34 Stat. 595; March 4, 1915, c. 176, § 1, 38 Stat. 1196; Aug. 9, 1916, c. 301, 39 Stat. 441 (U. S. Comp. St. §§ 8604a, 8604aa); Feb. 28, 1920, c. 91, 41 Stat. 493, §§ 434–438. In that act it is provided that—

"Any common carrier * * * receiving property for transportation * * * shall issue a * * * bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier * * * to which such property may be delivered or over whose line or lines such property may pass. * * *"

Under this provision the shipper had a right of action against the San Antonio Southern Company, the initial carrier, and which issued the bill of lading provided for, for all recoverable damages occurring on its line, as well as on the lines of all the other carriers over which the shipment moved. Railway v. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; Railway v. Stark, 103 Tex. 542, 131 S. W. 410. But this right, to recover of one carrier for the acts of all, exists only as against the initial carrier, which issues the bill of lading provided for in act mentioned. The right exists only by reason of the statute, which by its own term applies only to the initial carrier, and does not purport to affect the liability of succeeding carriers, which, under the succeeding section of the statute, are made liable to the initial carrier for such damages as the latter may be required to pay out because of their acts. As to the shipper, the liability of the intermediate and final carriers remains as it was at common law, and such carriers are liable to the shipper only for their own acts, respectively. Adams v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Railway v. Cox, 106 Tex. 74, 157 S. W. 745; Railway v. West (Tex. Com. App.) 207 S. W. 918; Railway v. Stark, supra. This being true, the defendants below, other than the initial carrier, were not chargeable with the whole damages, which the jury apportioned among them severally in varying amounts, and the court erred in rendering judgment against them for the whole amount, jointly or severally.

Appellee did not avail himself of the right given him under the Commerce Act, to hold the initial carrier for all the damages he suffered. He sought by his pleadings, rather to pursue his rights under the law existing at the time of, and without reference to, the Carmack Amendment, which were expressly reserved to him under that amendment; for, instead of suing the initial carrier for all damages, whether occasioned by that carrier, or by all the carriers over which the shipment moved, as authorized by that statute, he sued all of them, and sought to recover of each of them. Having pursued the remedy given him under existing law, without reference to the Carmack Amendment, he should be bound by that remedy, under which he must look to each carrier for the damages it caused. The purpose of the Carmack Amendment was to relieve the shipper of the trouble and expense of ascertaining what carriers have moved his goods in interstate commerce, and of determining upon which lines he has been damaged, and of locating and suing such carriers, oftentimes in jurisdictions remote from his domicile; and to transfer this burden to the initial carrier, which, because of the essentially close and reciprocal relations existing between transportation companies, is necessarily in a better position to ascertain, secure, and produce in court the facts upon which actions for damages must be based, and from which the liabilities of the carriers must be determined. Railway v. Riverside Mills, supra.

We think that the judgment was erroneous, first, in charging to each defendant the total damages found and apportioned by the jury among them severally; second, in decreeing a contribution among some of the defendants, none of whom prayed for such decree; and, third, in assessing any damages against the San Antonio Southern Railway Company, against which the jury found no damages.

Without discussing the testimony in detail, we think the apportionment by the jury of the damages against the several carriers is somewhat awry with the evidence. The jury seem to have partially lost sight of the evidence, at least in distributing its effect, and to have been controlled more by the allegations in the petition; and they appear to have apportioned the damages upon a mileage basis, rather than upon the evidence of the delays occurring upon the respective lines of the several carriers. It is assumed that these difficulties will not arise upon another trial. But, for the errors occurring in the judgment, that judgment must be reversed, and the cause remanded.

Reversed and remanded.