**WEATHERFORD, M. W. & N. W. RY. CO. v. KING. (No. 28.)\***

(Court of Civil Appeals of Texas. Eastland. Dec. 4, 1925. Rehearing Denied Feb. 12, 1926.)

**1. Carriers ⊙⟶207(1)—Contract to furnish cattle cars at certain time and place within authority of railroad agent, breach of which is not excused by unusually heavy traffic.**

A railroad agent has authority to make a contract to furnish cattle cars at a certain time and place, and railway company cannot offer as a defense to such a contract that cars could not be furnished because of unusually heavy traffic.

**2. Carriers ⊙⟶207(1)—Under contract to furnish cars it is assumed that carrier can furnish them without discrimination.**

Where railroad company, knowing the condition of its traffic, contracts with a shipper to furnish cars for his cattle, it is assumed that cars could and would be furnished without resorting to discrimination, and on breach of contract by carrier without notice of any conditions by shipper, carrier is liable for any resulting damage.

**3. Carriers ⊙⟶207(1)—Carrier not relieved of contract to furnish cars, where shipper is not notified of shortage.**

A carrier, knowing of a car shortage, cannot evade its obligation to furnish cars where it so contracted, and where shipper is not notified of such shortage.

**4. Trial ⊙⟶351(2)—In absence of request to submit issue as to payment of forfeiture to jury, court held authorized on undisputed evidence to find forfeiture to have been paid and award damages therefor.**

In shipper's action for damages for failure of carrier to furnish cars, where jury found that plaintiff notified defendant's agent that he

had placed a forfeit check with another in event that he failed to comply with contract to purchase cattle, and testimony was undisputed that forfeiture had been paid, in absence of any request to submit the issue to the jury, the court was authorized to find as a fact that forfeiture was paid, and to award special damages therefor, in view of Rev. St. art. 1985.

**5. Interest ⬤⟹39(3)—Judgment should draw interest from its date, not from date of breach of contract.**

In shipper's action for breach of contract by carrier to furnish cars, interest should be allowed on the judgment from its date, not from date of breach of the contract.

**6. Carriers ⬤⟹229(1)—Purchaser held entitled to damages for loss of profits arising from carrier's failure to furnish cars, though he abandoned purchase contract.**

Where carrier, with full notice of the situation, violated its contract to furnish cars to purchaser of cattle, it is liable for all resulting damages, including damages for loss of profits minus freight charges, though purchaser forfeited his contract and never obtained title to the cattle.

**7. Carriers ⬤⟹229(3)—Carrier, notified of placing of forfeit by shipper, liable in special damages therefor.**

Where carrier has notice before or at time of contract that shipper was placing a forfeit to insure compliance with his contract, carrier is liable for special damages on its failure to furnish cars as required, and hence there was no error in submitting issue as to whether carrier knew of the placing of the forfeit.

Error from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by Eli King against the Weatherford, Mineral Wells & Northwestern Railway Company. Judgment for plaintiff, and defendant brings error. Reformed and affirmed.

Shropshire & Bankhead, of Weatherford, for plaintiff in error.

T. T. Bouldin and J. R. Creighton, both of Mineral Wells, for defendant in error.

RIDGELL, J. This suit was brought by defendant in error, Eli King, against the plaintiff in error, Weatherford, Mineral Wells & Northwestern Railway Company, to recover $6,750, with 6 per cent. interest on the 15th day of October, 1922, same being alleged damages by reason of the failure to furnish cattle cars for use in shipping 250 head of cattle from Oran, Tex., to Fort Worth, Tex., the defendant in error alleging: That on or about September 24, 1922, he made a contract to buy from Mrs. W. R. Green 250 head of cattle for the agreed price of $55 per head, and at the time paid said Mrs. Green $1,000, with the understanding that he would have 30 days in which to sell and dispose of said cattle; the said $1,000 being paid as a forfeit as liquidated damages should said King fail to carry out his contract. That prior to the purchase the defendant in error made application to plaintiff in error to its agent at Oran, Tex., for 12 cars to ship said cattle, and told the agent that he would purchase the 250 head of cattle if the railway company would furnish cars to ship said cattle to Fort Worth, and that he would only have 30 days as a time limit in which to receive and pay for said cattle, and unless he could get the cars within the time he would not be financially able to handle said cattle and would not make such contract, and that the agent of plaintiff in error told him that he could get the cars within said 30 days and would have said carriers on the track for loading said cattle not later than 15 days from the date of application. That immediately thereafter the defendant in error notified plaintiff in error that he had purchased said cattle and placed a forfeit of $1,000 with Mrs. Green as liquidated damages in the event of failing to comply with his part of the contract, and that plaintiff in error stated that said cars could be placed at once for the purposes of shipping said cattle. That after several days had passed, the cars not being furnished, the defendant in error again insisted that said cars be furnished for the shipment, but plaintiff in error failed and refused to furnish said cars, and defendant in error was thereby forced to pay, and lost the said $1,000 forfeit. That the average weight of said cattle was 1,200 pounds, and that the reasonable market value would have been $78 per head, and that by reason of the failure to furnish the cars the cattle were damaged, and plaintiff in error lost a profit on the cattle of $5,750 in addition to the forfeit.

The plaintiff in error answered by general and special exception and general denial, and specially pleaded contributory negligence in defendant in error refusing to provide other means of transportation, and that at the time there existed throughout the country serious congestion of traffic, and there was a shortage of cattle cars and an unprecedented offering of forfeit at all stations along the line of plaintiff in error road, and that with utmost care it could not properly handle light freight that was offered; that the condition was generally known and was known by the defendant in error, and that plaintiff in error, to so have furnished said cars at the time, would have discriminated against other shippers having live stock to be shipped, and that said contract, if made, which was denied, would be null and void and unlawful.

The case was tried before a jury, and resulted in a judgment for $875, being damages, the difference between the price which defendant in error contracted to pay for the steers in question and the market price of same in Fort Worth, less the expense of shipping and shrinkage. The court also award-

ed judgment for $1,000, the amount of the forfeit, making a total judgment of $1,875. The defendant in the court below prosecuted this appeal by writ of error, and same is before this court for review.

[1] By assignment it is asserted that the agent in this case could not bind the railway company by his oral agreement to furnish the cars as alleged and claimed by defendant in error. The contrary is the rule; the railway company, through its agent, could make a contract binding to furnish cars as in the instant case. This question has been decisively passed upon by the courts of our state, and it is the holding that a railroad agent has authority to make a contract to furnish freight cars at a certain time and place, and after making such a contract the railway company cannot offer as a defense that cars could not be furnished because of unusually heavy traffic. Gulf, C. & S. F. Ry. Co. v. McCorquodale et al., 71 Tex. 41, 9 S. W. 80; Southern Kansas Ry. Co. of Texas v. Morris (Tex. Civ. App.) 99 S. W. 433; Id., 100 Tex. 611, 102 S. W. 396, 123 Am. St. Rep. 834; Texas & P. Ry. Co. v. W. Scott & Co. (Tex. Civ. App.) 86 S. W. 1065; John's Adm'r v. Louisville & N. R. Ry. Co. (Ky.) 10 S. W. 417; San Antonio & A. P. Ry. Co. v. Broad-Davis Cattle Co. (Tex. Civ. App.) 140 S. W. 514.

[2] The next assignment, that railway companies must take and transport property in the order in which it is offered, and that they cannot exercise partiality in accepting the property tendered by one person and rejecting the property offered by other persons, is sound, and under a different situation would be properly invoked and applied. We understand that under the laws of this state and the United States that the railway company would not be permitted to discriminate or to make a contract of discrimination, and if same was made it would be void, but when the railway company, knowing the conditions, makes a contract and agrees with the shipper to have his cattle ready, and that the railway company would have the cars, that then it is assumed that the cars could and would be furnished without resorting to discrimination; and, having so agreed by contract and on the faith of same, and without notice of any conditions upon the part of defendant in error, and the contract is made and is breached as found in this case, the plaintiff in error would be liable for any damages flowing from breach of the contract.

[3] A carrier, knowing of a car shortage, cannot evade its obligation to furnish car where it so contracted, where the shipper is not notified of such shortage. Texas Ry. Co. v. O'Kelley (Tex. Civ. App.) 203 S. W. 152.

Assignments of error 3 to 10, inclusive, bearing on same proposition as assignment No. 2, will for same reasons be overruled.

[4] By its eleventh assignment of error, the appellant makes the following proposition:

"Having submitted the case to the jury on special issues, and having failed to submit to the jury the issue as to the $1,000 forfeit paid by defendant in error to Mrs. W. R. Green, and the issue as to interest on amount of said judgment at the rate of 6 per cent. per annum from the 15th day of October, 1922, the court was without authority to render judgment for defendant in error against plaintiff in error for said sum of $1,000 on account of said forfeit paid by plaintiff to said Mrs. W. R. Green, and for 6 per cent. interest per annum on the amount of said judgment from the 15th day of October, 1922; therefore so much of the judgment of the court as allows defendant in error said sum of $1,000 on account of said forfeit paid by him to Mrs. W. R. Green, and so much of said judgment as allows defendant in error interest on the amount of said judgment from the 15th day of October, 1922, is erroneous, because said part of said judgment is contrary to and not authorized by the verdict of the jury."

Upon the trial of the case, the court submitted special issue No. 3, which the jury answered in the affirmative:

"Did the plaintiff, at the time he ordered said cars, if he did so, through the defendant's agent at Graford, or before that time, notify him, the agent, that he had placed a forfeit of $1,000 with Mrs. Green in the event that he failed to comply with his part of the contract to accept and take 250 head of cattle under the contract with Mrs. Green? Answer Yes or No, just as you find."

The testimony of appellee, which was undisputed, was to the effect that he placed a $1,000 forfeit check with Mrs. Green, and by reason of the failure of appellant to furnish the cars the forfeit check was paid. The defendant offered in evidence the check.

While it is true in some cases that the testimony of an interested party only raises an issue of fact which would require the submission of same to a jury, the jury may in their discretion disregard the testimony, still, in this case, the defendant having offered the check in evidence, the record is such that the court would be justified in assuming the fact proven, and in the absence of any request to submit the issue to the jury, would be authorized to find as a fact that the $1,000 was paid. Article 1985, Rev. Civ. St.; Friemel v. Coker (Tex. Civ. App.) 218 S. W. 1105.

[5] It follows, therefore, that the action of the court in awarding as special damages the sum of $1,000, the amount of the forfeit check, was justified in fact and in law, and the assignment will be overruled, except to the complaint of the allowance of interest on the judgment from October 15, 1922, as same should draw interest from the date of the judgment.

[6] By assignments of error presented in various forms, one by request of instructed verdict, the appellant challenges that part of the judgment which awards to appellee the sum of $875 as damages, the difference between the price contracted to be paid for the

eattle and the market value of the cattle in Fort Worth, Tex., less freight charges and expense of handling. This presents a very serious question, and one we fail to find any authority in point for guidance.

The facts show that King voluntarily abandoned the purchase of the cattle and elected to surrender his contract of purchase and forfeit. There is no testimony that the railway company prevented him from carrying out his purchase other than he was prevented from getting cars to ship the cattle within the time agreed. There is no showing of his inability to carry out his trade, but the contrary appears. If he had gone ahead with his purchase the railway company, by reason of its failure to furnish the cars, would have been liable for damages flowing, but, having upon his own volition chosen to let the trade go, and having never owned the cattle, the question arises, would he be entitled to damages for the loss of profits to cattle which he never owned and the purchase of which he abandoned? We have a line of telegraph cases in which on account of negligence telegraph company failed to deliver message, thereby causing loss of profits in trade, and which the courts have approved liability in damages. Western Union Telegraph Co. v. Davis (Tex. Civ. App.) 35 S. W. 189; Western Union Telegraph Co. v. Turner, 94 Tex. 304, 60 S. W. 432.

In view of the fact that, under the findings of the jury, the railway company contracted to furnish the cars, and with full notice of the situation violated their contract, we have concluded that the damages flowing are recoverable in law, therefore, overrule the assignment.

[7] Error is also complained of the following special issue submitted by the court:

"Did the plaintiff, at the time he ordered said cars, if he did so, through the defendant's agent at Graford, or before that time, notify him, the agent, that he had placed a forfeit of $1.000 with Mrs. Green in the event that he failed to comply with his part of the contract to accept and take 250 head of cattle under the contract with Mrs. Green? Answer Yes or No, just as you find."

Under the law, if the railway company had notice before or at the time of the contract that appellee was placing the $1,000 forfeit check, the railway company would be liable for the special damages, and there was no error in the submission of the issue.

The writer entertains some doubt as to the right of appellee to abandon his trade, forfeit his check for $1,000 and recover the same, and in the same instance recover damages for his loss of profits in cattle which he never owned and the purchase of which he never completed; the doubt is also entertained that the judgment herein borders upon a double recovery, but, yielding to the reason and justice of the situation, and an-

swering a condition brought about by the fault of appellant, as evidenced by the findings of the jury, I have concluded to submit to the affirmance of this case, and it will so be ordered; and judgment is reformed, with the cost of the appeal adjudged against appellee, and with interest awarded on the items of damages herein from the date of the judgment.