The admissibility of the testimony is, therefore, not before us.

The appellant's motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

**RAILWAY EXP. AGENCY, Inc. v. A. J. TEBBE & SONS CO.**

**No. 11795.**

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1948.

Rehearing Denied March 17, 1948.

Wood & North, of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

NORVELL, Justice.

The trial court in a non-jury trial awarded plaintiff, A. J. Tebbe & Sons Company, a judgment for $600 against the Railway Express Agency for damages to a carload of radishes. Findings of fact and conclusions of law were not requested.

The Express Company as appellant contends that the court erred in (1) holding that the delay of the car upon arrival in Boston was negligence, (2) in holding that the damage, if any, to the radishes was due to negligence of appellant, (3) in rendering judgment for appellee for the reason that there is no testimony to show what the market value of the radishes was at the time of delivery to the consignee in Boston, Massachusetts, and (4) in rendering judgment for appellee for the reason that appellee wholly failed to either allege or prove

on what date the radishes arrived at destination.

We are of the opinion that all of appellant's points should be overruled.

At Robstown, Texas, on January 25, 1946 (12:30 p. m.), appellant receipted for and issued its bill of lading for 805 crates of radishes loaded in Railway Express Car No. 1349. This car was consigned to A. J. Tebbe & Sons Company at St. Louis, Missouri; icing and salting instructions were as follows:

"Top ice, do not ice in route. Run plugs in hatches closed as sealed."

At 3 p. m. of the same date, the Express Company received an order from the shipper to divert the car to York and Whitney Company at Boston, Massachussetts.

■ We regard the testimony of C. M. O'Bryan, appellee's agent at Robstown, Texas, as being sufficient to support a finding that the radishes were in good condition when loaded at Robstown, Texas.

The record contains a notice of exceptions, dated January 31, 1946, made on behalf of York and Whitney, the consignee, by the Slone Inspection Service at Boston, containing the notation, "Radishes, Yellowing leaves, Transit freezing."

Slone's inspection report contains the following:

| "Quality and Description | |
|---|---|
| | Texas grown radishes—'Diamond T' brand—Well Filled crates—Bunched and tied—Roots medium to few small and few fairly large. Well formed and good color—Good supply of tops —Reasonably clean—Most leaves show worm holes—Fairly good quality— |
| Condition: Maturity, Decay, Etc. | Stock is not fresh—Roots are firm and crisp but most tops are yellow giving stock an overall poor appearance—Followup 2/1/46—Condition found as previously described. |
| Freezing: | Floor layer crates along side walls show slight freezing damage to roots, not being segregated by stevedores— |
| Remarks: | Examined for equipment, lading, quality and condition—Joint inspection with Mr. Furness of RPIA— Also Mr. Radspinner of RPIA—" |

John S. Kinsherf of the York and Whitney Company stated that there were no Texas radishes on the Boston market on January 28, 29, 30 and 31, unless trucked in from other points. New York quotations were $4.50 for January 28 and 29; $4 to $4.50 for January 30, and $3.00 to $3.50 for January 31, 1946.

He also stated that the New York and Boston markets were similar and one market would reflect the other to a certain extent. Kinsherf also states that he believes that had the radishes arrived on January 28 or 29, they could have been sold for at least $4 per crate. York and Whitney sold the radishes for prices varying from $1.75 to $3 per crate.

W. M. White, manager of the Southern Traffic Bureau, testified that he was thoroughly familiar with express schedules from the Gulf Coast to eastern points during the year 1946. According to White, a car loaded and bill of lading issued at 12:30 p. m. on January 25th at Robstown should reach Boston on the night of the 28th and be ready for the market of January 29th.

■ We think, from the evidence, that the trial court could reasonably conclude that the car of radishes here involved did not reach Boston until January 31st, the date of the inspection report. As above pointed out, Kinsherf stated there were no Texas radishes on the Boston market on January 28, 29, or 30.

■ We must view the evidence in the light most favorable to appellee, and presume that all facts having support in the evidence were found in accordance with the judgment.

■ The evidence is sufficient to support findings that the appellant did not transport the shipment with reasonable dispatch, that this failure was negligence and resulted in injury to appellee. Missouri, K. & T. Ry. Co. v. Stark Grain Company, 103 Tex. 542, 131 S.W. 410.

■ We regard the award of $600 damages as being amply supported by the evidence.

The judgment appealed from is affirmed.