### BILLBERRY v. FORT WORTH & R. G. RY. CO. (No. 6392.)

(Court of Civil Appeals of Texas. Austin. Dec. 21, 1921.)

**1. Dismissal and nonsuit ⊜⇒81 (8)—Jurisdiction not lost by failure to pay costs as condition for reinstatement where order was corrected.**

Jurisdiction was not lost because of plaintiff's failure to comply with condition of an order to pay costs precedent to having cause reinstated after dismissal where a note on the judge's docket showed that the real order was that plaintiff "be taxed" with such costs and a judgment nunc pro tunc was entered to that effect.

**2. Carriers ⊜⇒227 (2½)—Reply held defective for not alleging excuse for delay of train or notice of circumstances causing it.**

In an action for damage to stock from delay, a reply that the cattle were not delivered to the stockyards in the usual time, because the crowded condition of such stockyards prevent-

ed such delivery, and that such crowded condition had existed for a considerable time, was subject to the exception that it was not alleged that the carrier gave the shipper notice as to such crowded condition, nor that the shipper had such notice, nor that the carrier did not know of such condition, nor allege any cause why carrier could not have given notice to the shipper of such condition.

3. **Appeal and error** ⫸301—**Failure of motion for new trial to allege verdict was contrary to evidence not ground for affirmance.**

Appellant's failure to allege in his motion for new trial that the verdict was contrary to the evidence was not ground for affirmance where, though the evidence was sufficient to sustain the verdict, evidence was erroneously admitted without which the appellate court could not say that the jury would have rendered the same verdict.

4. **Carriers** ⫸230(1)—**Whether shipper's contract was with railroad company or with receiver held for the jury.**

Where a shipper alleged a contract with defendant railroad company, and testified to an oral agreement with the company while the company introduced a written agreement made with the receivers of the company, the issue as to the parties contracting should have been left to the jury.

Appeal from McCulloch County Court; Evans J. Adkins, Judge.

Action by S. C. Billberry against the Fort Worth & Rio Grande Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and remanded for new trial.

C. A. Wright, of Fort Worth, for appellant.

JENKINS, J. This suit was brought by appellant to recover damages to two shipments of cattle from Brownwood to Fort Worth, alleged to have been occasioned by rough handling in shipment, and by delay in delivery of the cattle to the stockyards at Fort Worth, by reason of which delay they could not be put upon the market until the day after their arrival. These shipments originated at Tuscola, on the line of the Gulf, Colorado & Santa Fé Railway Company, and were hauled by that company to Brownwood, being delivered at Brownwood in the usual time and in good order. At Brownwood the cattle were reshipped over the Fort Worth & Rio Grande to Fort Worth, under a contract with the latter named road for such shipment.

The first issue for our decision, in the logical order, relates to the jurisdiction of this court. Appellee, by cross-assignment, alleges that the county court of McCulloch county had no jurisdiction to try the cause, for the reason that when the same was called in that court it was dismissed for want of prosecution, and that its subsequent reinstatement was without authority.

[1] The facts as to this matter are: Plaintiff's attorney not being present when the case was called, it was dismissed for want of prosecution. Soon afterwards, said attorney having arrived, a motion was made to reinstate the cause. The judgment entered at that term of the court recites that the cause will be reinstated upon payment by plaintiff of the costs incurred by reason of such dismissal and reinstatement; all other costs to abide final decision of the case. The costs were not paid at that term of the court, nor until the next term, at which time the plaintiff filed a motion to correct the former judgment and to enter a judgment nunc pro tunc, to the effect that the judgment was that plaintiff be taxed with the costs of dismissal and reinstatement, instead of that he be required to pay the same. The note upon the judge's trial docket showed that this was the judgment that was rendered, and a judgment nunc pro tunc was entered to this effect. Such being the case, the contention that the county court had no jurisdiction to try the cause, and consequently that we have none on this appeal, is without merit.

[2] The appellee, in reply to appellant's petition, alleged, among other things, that the cattle were not delivered to the stockyards at Fort Worth in the usual time, for the reason that the crowded condition of such stockyards prevented such delivery, and that such crowded condition had existed for a considerable time. Appellant excepted to this allegation, for the reason that it was not alleged that appellee gave appellant notice as to such crowded condition, nor that appellant had such notice, nor that the appellee did not know of such condition, nor was any cause alleged why appellee could not have given notice to appellant of such condition. This exception was overruled, to which appellant excepted. Upon the trial of the cause, appellee was permitted to prove such crowded condition, over the objection of appellant that there was no foundation in the pleading for such testimony. Appellant excepted to the action of the court in permitting this testimony.

The court erred both in not sustaining the special exception above referred to and in permitting such testimony. When the plaintiff in a cause alleges that the carrier failed to deliver the shipment in the usual and ordinary time, if the carrier seeks to excuse the same, and to show that under the circumstances the shipment was delivered in a reasonable time, it must allege the circumstances which excuses the delay, and that notice of the same was given to the shipper before the shipment was made. The appellant in this case having proven that the shipment was not delivered in the usual and ordinary time, he had made a prima facie case of negligence, and the evidence seeking

to excuse such delay should not have been admitted, in the absence of pleading justifying the same. Ry. v. Boyce, 171 S. W. 1096; Ry. Co. v. Stark, 103 Tex. 542, 131 S. W. 410; Ry. v. Word, 159 S. W. 375; Ry. v. McAulay, 26 S. W. 475.

[3] Appellee contends that the judgment should be affirmed, for the reason that appellant did not, in his motion for a new trial, allege that the verdict of the jury was contrary to the evidence. The case was submitted upon special issues, and the evidence which was permitted to go to the jury was sufficient to sustain their verdict; but, without the illegal testimony above referred to, we cannot say that the jury would have rendered the same verdict. In fact, it is probable that they would not have done so.

[4] It is also contended by appellee that the record shows that appellant was not entitled to a judgment in any event, because he alleged a contract with the Fort Worth & Rio Grande Railway Company, and the proof showed a contract with the receivers of that company. Appellant alleged an oral contract with appellee, made at Brownwood, and proved the same by his own testimony, without objection. Appellee introduced a written contract for this shipment, made with the receivers of the Fort Worth & Rio Grande Company. This testimony raised an issue as to the party with whom the contract was made, and it should have been left to the jury as to what were the facts. Appellant attempts to explain this in his argument by saying that an old form was used by the railroad company, and that in fact the receiver had been discharged a year before. We presume that the true facts as to this matter will be found by a jury if such issue is made upon another trial.

The remaining issues in this cause have been decided by this court in Ry. Co. v. Hasse, 226 S. W. 448, and Ry. Co. v. Edens, 226 S. W. 451, not yet [officially] reported.

For the errors committed by the trial court in not sustaining appellant's exception hereinabove referred to, and in admitting testimony as to the crowded condition of the stockyards at Fort Worth, this cause is reversed and remanded for a new trial.

Reversed and remanded.