## PANHANDLE & S. F. RY. CO. v. LISKE GRAIN CO. (No. 3091.)

Court of Civil Appeals of Texas. Amarillo. Jan. 16, 1929.

Hoover, Hoover & Cussen, of Canadian, for appellant.

J. W. Sanders, of Canadian, for appellee.

JACKSON, J. This suit was instituted in the county court of Hemphill county, Tex., by the plaintiff, Liske Grain Company, a corporation, against the defendant, the Panhandle & Santa Fé Railway Company, to recover alleged damages for delay in the transportation of three carloads of wheat.

The plaintiff alleges:

That the defendant railway company is a common carrier, engaged in the transportation of grain and other freight, and that its line of railway runs through Perryton, in Ochiltree county, Canadian, in Hemphill county, and White Deer, in Carson county.

That about July 21, 1924, at White Deer, Tex., it delivered to the defendant a carload of bulk wheat; that on July 23, 1924, at the same place it delivered to the defendant another carload of wheat; and that on July 23, 1924, at the town of Perryton, Tex., it delivered to the defendant a third carload of wheat.

That the carload of wheat delivered by plaintiff to defendant on July 21, 1924, at White Deer, Tex., would have reached its destination, at Fort Worth, Tex., on July 28, 1924, if the defendant had exercised proper care; but that said car did not arrive at its destination until August 12, 1924. That the carload of wheat delivered by plaintiff to the defendant at White Deer, Tex., on July 23, 1924, would have arrived at its destination at Fort Worth, Tex., on July 29, 1924, if the defendant had exercised proper diligence, but did not reach its destination until August 12, 1924. That the carload of wheat delivered by plaintiff to defendant at Perryton, Tex., on July 23, 1924, would have reached its destination at Fort Worth, Tex., on or before July 31, 1924, if defendant had exercised proper diligence, but that said car failed to reach its destination until August 11, 1924.

Plaintiff alleges the weight of the wheat in each car, the market price of the wheat on the day each car should have arrived at destination, and that the wheat could and would have been sold on said dates at said market value if it had reached its destination without delay in transit. Plaintiff alleges the

decline in the market value of wheat from the day it should have arrived until it did arrive, and that he sold the wheat for its market value on the dates of such arrival; that by reason of the decline in the market value, it lost a total sum of $245.24, for which it sues, together with interest at legal rate from the date of the arrival of said cars in Fort Worth.

The defendant answered by general demurrer, special exceptions, general denial, and pleaded:

That at the time the defendant received plaintiff's wheat for shipment, there had suddenly arisen an unprecedented rush of business on defendant's road leading into Fort Worth, Tex., and an unusual and unprecedented congestion of loaded cars of wheat and other products on the tracks and yards at Fort Worth, Tex.; that such condition was so unusual and sudden that by the exercise of ordinary care it could not have foreseen or anticipated such condition; that such unusual and unprecedented business and congestion caused the congested conditions in the yards at Fort Worth and the delay in the arrival of the wheat at its destination, and for such reason it was not liable for any damages suffered by réason of such delay.

That plaintiff and other shippers had adopted the habit of shipping grain to Fort Worth, Tex., not intending such place to be its final destination, but with the intention of diverting the cars from Fort Worth for speculative purposes, and that the shippers constituted the consignees at Fort Worth their agents to handle said cars of wheat and hold them until they could be sold on the market at Fort Worth, or to divert the shipments to some other destination if they could obtain a better price, and that plaintiff diverted its cars and sold them at other points. That such practice on the part of the shippers of wheat and grain was the cause of the congested conditions of the yards at Fort Worth—all of which constituted contributory negligence. That plaintiff so diverted its shipments as to cause delay, uncertainty, and confusion, and billed its cars in such a manner that the defendant did not have a full and fair opportunity of apprising plaintiff of the existing conditions of the congested lines and yards.

The plaintiff, by supplemental petition, filed numerous exceptions to the defendant's answer and pleaded general denial. The plaintiff, by trial amendment, alleged: That all of the papers and contracts pertaining to the shipment of grain were in the hands of the defendant, and it was unable to allege definitely how said shipments were billed or the exact names of the consignees, but alleged that all of said cars, in any event, were destined to Fort Worth, Tex., and that E. M. Rogers was plaintiff's agent for the purpose of making the sale of said wheat at Fort Worth, Tex., and he did sell said wheat upon its arrival at its destination. That all of said cars of wheat were accepted by the defendant at the places alleged or at Amarillo, Tex., and were transported to Fort Worth, Tex., but that in the transportation the defendant was guilty of unusual and unnecessary delay.

The case was submitted to the jury on general and requested charges, and the jury returned a verdict in favor of plaintiff for the sum of $245, with interest thereon at the rate of 6 per cent. per annum for three years and eight months; from which judgment this appeal is prosecuted.

At the request of the defendant, the court instructed the jury that if the shipments of wheat were subjected to any delay at Amarillo, Tex., due to the fact that the cars were held upon the instruction of plaintiff for inspection, such delay should not be considered in arriving at their verdict; that the defendant was not liable for the usual and customary delays in transportation of any shipment; and that such delays as were ordinarily incident to transportation would not be considered against the defendant in arriving at a verdict.

The appellant assigns as error the action of the trial court in overruling its general demurrer to appellee's petition, because it fails to set forth the contract of shipment or the substance thereof and fails to show any obligation on the part of appellant to transport the wheat.

■ Appellee's allegations were sufficient, as against a general demurrer, to show the common-law obligation of the defendant to transport the wheat with ordinary care and dispatch after it had been delivered to and accepted by the defendant. M., K. & T. Ry. Co. of Texas v. Webb et al., 20 Tex. Civ. App. 431, 49 S. W. 526; Gulf, C. & S. F. Ry. Co. v. Baugh (Tex. Civ. App.) 42 S. W. 245; St. Louis S. W. Ry. Co. of Texas v. Barnes (Tex. Civ. App.) 72 S. W. 1041; I. & G. N. Ry. Co., v. Reed (Tex. Civ. App.) 203 S. W. 411.

Appellant assigns as error the action of the trial court in rendering judgment against it, because the undisputed evidence discloses that the unusual delay occasioned in transporting appellee's wheat was due solely to the unprecedented rush and press of other shipments of grain arriving at Fort Worth, which caused a congestion of cars in the terminal yards, which unprecedented condition could not have been foreseen by the appellant by the exercise of reasonable diligence.

■ In order for a common carrier to excuse itself for unusual and unnecessary delay in the transportation of freight by an unprecedented amount of business causing congestion in the handling of freight from which the delay resulted, it must show that the shipper was notified before the shipment was accepted that such conditions existed. A.,

T. & S. F. Ry. Co. v. Word (Tex. Civ. App.) 159 S. W. 375; Galveston, H. & S. A. Ry. Co. v. Buck et al. (Tex. Civ. App.) 230 S. W. 891; Billberry v. Ft. Worth & R. G. Ry. Co. (Tex. Civ. App.) 236 S. W. 106. There is no contention that the appellee was advised of the congested conditions which the appellant asserts as a defense, and no reason is shown why such information was not given to it before the wheat was delivered and accepted for shipment.

The appellant assigns as error the action of the court in refusing to give a special charge requested by it.

The appellant in its brief fails to identify the charge requested and refused, either by giving its number or the substance thereof. Assuming, however, that it has reference to its special charge No. 2, asking the court to instruct the jury that if the delay was caused by the congestion of cars and tracks at Fort Worth, to find for the defendant, the court did not commit reversible error in refusing this charge, because: First, as written, it is on the weight of the evidence; and, second, it fails to embody the necessary elements which would constitute the unprecedented condition a defense.

Finding no reversible error presented, the judgment is affirmed.