## TEXAS & P. RY. CO. v. BUFKIN.
### No. 934.

Court of Civil Appeals of Texas.    Eastland.
Jan. 22, 1932.

Rehearing Denied Feb. 26, 1932.

See, also, 19 S.W.(2d) 343 ;  20 S.W.(2d) 1119.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

C. F. Sentell, of Snyder, and Beall & Beall, of Sweetwater, for appellee.

FUNDERBURK, J.

J. A. Bufkin recovered judgment in the trial court for $322.80 against the Texas & Pacific Railway Company, from which the latter has appealed. The recovery was treated by the parties as being one for damages for negligent delay in the transportation of live stock from Snyder to Fort Worth. The defendant pleaded but two affirmative defenses: One being a provision of the contract absolving it from the duty to transport the shipment "at any particular speed," or "within any specified time," or to "make delivery at destination at any particular hour," or "in time for any particular market"; the other being contributory negligence of the plaintiff based upon another provision of the contract with reference to the owner accompanying the shipment to perform certain duties. The case was tried with a jury. Special Issue No. 1, to which the jury answered "Yes," was as follows: "Do you find from a preponderance of the evidence in this case that the defendant Texas & Pacific Ry. Co., after receiving the shipment of cattle in question at Roscoe, Texas, failed to use ordinary care to transport and deliver the same to the consignee, Farmer Commission Company at Fort Worth, Texas, with due diligence, care and dispatch, and without delay other than such as was usual and incident to the same or similar shipments?"

In answer to other special issues the jury found: (2) That the time of delay beyond "the usual and ordinary time used by said defendant in making such shipments" was fifteen hours and forty minutes; (3) that such delay was caused by negligence of the defendant; (4) that because of such delay the cattle weighed less when sold on the market than they would have weighed at said time but for said delay; (5) that said negligence was the proximate cause of the damages sustained; (6) that the cattle weighed when sold 24,620 pounds; (7) that but for said delay they would have weighed on said market when they were sold 25,632 pounds; (8) that the fair market value per 100 pounds of said cattle when sold on said market was less than it would have been at said time but for said delay; (9) that the fair market value per 100 pounds of said cattle on said market at Fort Worth, Tex., at the time and in the condition they were in when sold was $8.13; (10) that the fair market value per 100 pounds of said cattle on said market at said time but for said delay would have been $9.10. Each issue was so framed as to require the jury to find the fact inquired about from "a preponderance of the evidence." The evidence supported defendant's allegations as to provisions of the contract, but no issue was submitted or requested on the issue of contributory negligence, and, if there was any evidence to support such issue, the same was at least not un-

controverted, and hence that issue was waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084.

Appellant objected to special issue No. 1 for the reason, among others, that the court, by requiring the jury to find that the transportation of the live stock was "without delay other than such as was usual and incident to the same or similar shipments," thereby imposed upon it a greater duty than the law imposes.

This objection necessarily assumes, of course, that the rights sought to be enforced by the suit were rights given by law and not created and existing by virtue of contract. If such assumption be correct, then the cause of action alleged by the plaintiff below was one for tort and not upon contract. Since, according to allegations of the petition, there was a contract of shipment, the cause of action may well have been either one for tort or upon such contract. Such a choice of remedies, it is true, does not always exist. "But, where a contract gives rise to duties imposed by law, and there is negligence in regard thereto, plaintiff has a choice of remedies and may sue for a breach of the contract or in tort for a breach of the duty imposed by law." 1 C. J. 1022, § 44. This choice of remedies often exists as against a carrier. As stated by the authority just quoted: "Owing to the nature of the relation between a shipper and a common carrier of goods the shipper, in case of a breach of duty by the carrier, ordinarily has a choice of remedies and may sue either in contract upon the contract of shipment or in tort for breach of the public duty imposed by law." 1 C. J. 1025, § 150; Texarkana & Ft. S. Ry. Co. v. Rosebrook-Josey Grain Co., 52 Tex. Civ. App. 156, 114 S. W. 436.

But with reference to the correctness of special issue No. 1 as against the particular objection noted, it is not material, we think, whether the cause of action was one in tort or upon contract. The duty of a carrier in this state with reference to dispatch in the transportation of shipments, including shipments of live stock, is prescribed in R. S. 1925, arts. 905 and 6490. Article 6360 also has an important bearing. That duty is to transport within a reasonable time. Other statements of the same duty are to transport with due or reasonable dispatch or to make "speedy transportation." Whatever the terms of the contract of shipment, which contract in this case was not introduced in evidence, except two or three provisions, by the defendant, such contract, by the express provisions of said article 905, could not have varied the legal duty just mentioned.

The question then is, Did the last clause of special issue No. 1 require the jury to answer the issue based upon a different standard of duty than that of transporting the ship-

ment within a reasonable time? It is very apparent, we think, that it did. The jury were required to answer the issue in the affirmative if the evidence showed a delay other than such as was usual and incident to similar shipments. The undisputed evidence showed that the shipment in question was not transported within the usual time. It would seem, therefore, that the jury, by said issue, were called upon to find a fact established by the uncontroverted evidence.

The fact that a shipment is not transported within the usual time is not necessarily and in all cases conclusive of the proposition that it has not been transported within a reasonable time. The reasonableness of the time so employed is dependent upon the existence or not of facts, conditions, and circumstances under which the shipment is made, provided they are of such nature as the law will permit to excuse a longer time than the usual and necessary time. Such conditions and circumstances may be such in a given case as to show that the transportation of a shipment not made in the usual time is, nevertheless, made within a reasonable time. Conceivably the transportation of a shipment made in the usual time may, under the particular facts, conditions, and circumstances surrounding it be, nevertheless, not accomplished within a reasonable time. We are therefore of the opinion that the court erred in giving said special issue in the form of which complaint was made.

But for reasons which are already forecast, from what has been said, we think such error is affirmatively shown to be harmless. The issue should never have been submitted to the jury. While the extent of the duty of the appellant, with respect to the time within which to transport the live stock to destination was to do so within a reasonable time, R. S. 1925, art. 6360, in effect provides that the usual time is prima facie the reasonable time required, and that an unusual time is prima facie evidence of a breach of the carrier's duty. That statute further provides that, in order for an unusual time to be within a reasonable time, the carrier must assume and discharge the burden of proof to establish such fact. This seems to be the construction, or at any rate the logical effect of the construction, placed upon said statute by the Supreme Court in Missouri, K. & T. Ry. Co. v. Stark Grain Co., 103 Tex. 542, 131 S. W. 410, and Texas Central Ry. Co. v. Hannay-Frerichs & Co., 104 Tex. 603, 142 S. W. 1163.

In the instant case the defendant pleaded no facts to show that, if the time employed in the transportation of the shipment was an unusual time, it was nevertheless by reason of the particular facts, circumstances, or conditions, made within a reasonable time. We need not stop to inquire if such pleading was necessary in order to authorize the admission of evidence to show such facts, circumstances, or conditions. There was no evidence of same which the law regards as legally competent to show that a delay of fifteen hours and forty minutes in the transportation of a car of cattle for a distance of 252 miles was reasonable. The evidence shows that the delay was caused by a water shortage existing over a period of several months and a consequent freight congestion at Sweetwater. This evidence was wholly incompetent to excuse delay in the absence of evidence to show that, before the carrier accepted the shipment, it gave notice to the shipper of such facts. In addition to the two authorities last cited, see, also the following: Texas & P. Ry. Co. v. Langbehn (Tex. Civ. App.) 150 S. W. 1118; Panhandle & Santa Fé Ry. Co. v. Liske Grain Co. (Tex. Civ. App.) 13 S.W. (2d) 144; Texas & N. O. Ry. Co. v. E. R. & D. C. Kolp, Jr. (Tex. Civ. App.) 88 S. W. 417; Missouri, K. & T. Ry. Co. v. Early-Clement Grain Co. (Tex. Civ. App.) 124 S. W. 1015; Grigsby v. Texas & P. Ry. Co. (Tex. Civ. App.) 137 S. W. 709; Baker v. Nance Bros. (Tex. Civ. App.) 294 S. W. 290; Ft. Worth & R. G. Ry. Co. v. Hasse (Tex. Civ. App.) 226 S. W. 448; Hill County v. St. Louis S. W. Ry. Co. (Tex. Civ. App.) 31 S.W.(2d) 868.

There was no evidence of such notice, which being the case the court would have been under the duty of excluding the evidence as to water shortage and freight congestion had objection been made. The evidence having been admitted, there was no issue to which it could apply or was competent to prove, and must therefore be disregarded. The jury having answered special issue No. 1 in the only way the competent evidence required, and just as it was the duty of the court to instruct it to answer, the error in the form of the issue was immaterial and harmless.

In connection with the issue of proximate cause the court gave the following definition: "By 'proximate cause' as used in this charge is meant that cause which immediately precedes and directly produces the injury and damages, and without which the injury and damages would not have happened, and the happening of which might reasonably have been anticipated as a natural and probable consequence." Appellant objected to this definition on the ground that it omitted the element of a new and independent cause of which, it is asserted, there was some evidence. The error assigned, complaining of the definition upon the ground stated in the objection, cannot be sustained.

In the first place, it is not essential that a good definition of "proximate cause" expressly and by direct mention exclude a "new and independent cause." It is sufficient, by the use of other words, to exclude same, as is effectually done, we think, in the definition given, by the use of the words "and without

which the injury and damages would not have happened, and the happening of which might reasonably have been anticipated as a natural and probable consequence." A cause, but for which injury would not have happened, and the happening of which (injury) might reasonably have been anticipated as a natural and probable consequence thereof, just as effectually excludes any new and independent cause as if the definition did so in express words. Such, in effect, was the decision we reached in West Texas Coaches v. Madi (Tex. Civ. App.) 15 S.W.(2d) 170.

■ In the second place, by a strange coincidence an error in the definition, of which appellant made no complaint, had the effect of directly excluding any new and independent cause intervening between the alleged negligence of the defendant and the injury as certainly as would have a definition expressly mentioning and excluding such new and independent cause. It was unquestionably error, we think, for a definition of "proximate cause" to require that the cause be one which immediately precedes and directly produces the injury and damages. We are under the impression that a cause of injury may be a proximate cause which neither immediately precedes the injury nor directly produces it. Under the definition given, no cause except the one immediately preceding the injury and directly producing it could have been found to be the proximate cause. If therefore there was any evidence of a new and independent cause intervening between the alleged negligence and the injury, the appellant was required to be given the benefit of it to excuse the negligence alleged against it just as certainly as if the definition had been given which appellant insists should have been. In other words, it is certain that the jury did not find any new and independent cause, because otherwise under the definition they could not have found that the defendant's negligence was the proximate cause of the injury.

■ Appellant's objection to all the special issues wherein they required the jury to make their findings as to each from a preponderance of the evidence is overruled. A direction to a jury to "find from a preponderance of the evidence" the fact inquired about, or a question, "Do you find from a preponderance of the evidence" such fact, we regard as being the most approved form for the submission of special issues.

Appellant objected to the testimony of plaintiff and one or two other witnesses, to the effect that the reasonable, usual, and ordinary time that shipments such as the one in question required from Snyder to Fort Worth was from twenty-one to twenty-three hours. The objection was that the testimony was a conclusion and opinion of the witness upon a mixed matter of law and fact, and the opinion of the witnesses therefore constituted an invasion of the province of the jury. The objection was not good as to that part of the testimony to the effect that the usual and ordinary time was from twenty-one to twenty-three hours. Baker v. Nance Bros., supra, and authorities there cited. The witnesses showed themselves qualified to testify as to the usual and ordinary time as matters of fact within their knowledge. This was proper evidence upon the only real issue involved; namely, the reasonableness of the time employed in the transportation of the shipment.

■ The objection would have been good to the witnesses giving their opinions as to what was a reasonable time. Houston & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808. Had the objection been confined to this portion of the testimony, the court would have erred in admitting it. But the admission of testimony over an objection good as to only a part thereof and not good as to the other parts is not reversible error. 3 Tex. Jur. p. 191, § 127. It is the duty of the objecting party to point out the portion of the proffered testimony that is subject to the objection urged.

Being of opinion that there is shown no reversible error, and that the judgment of the court below should be affirmed, it is accordingly so ordered.