## WICHITA VALLEY RY. CO. v. ANDERSON.

### No. 955.

Court of Civil Appeals of Texas. Eastland.

March 4, 1932.

Rehearing Denied March 25, 1932.

362

a common carrier's contract of shipment; one of the obligations of which was to transport the shipment to its destination with reasonable dispatch. Breach of this obligation was alleged and consequent shrinkage in weight and depreciation in value of the cattle, resulting in damages in the sum of $2.50 per head, or a total of $600.50.

Defendant's answer consisted of a general demurrer and a general denial.

The evidence showing no delay on the line of the Fort Worth & Denver City Railway Company, the court instructed a verdict in favor of that defendant and rendered judgment accordingly, about which no question is made. The following special issues (with the answers noted) were submitted to the jury:

"Special Issue No. 1: Did the defendant, the Wichita Valley Railway Company, transport the plaintiff's cattle from Wichita Falls, Texas, to Hajek, Texas, with reasonable dispatch? Answer yes or no. No.

"Special Issue No. 2: Was there a market for the plaintiff's cattle at Hajek, Texas, on November 5th, 1930? Answer yes or no. No.

"Special Issue No. 3: What amount of money, if paid now, would compensate the plaintiff for his loss, if any? Answer in dollars and cents. $147.50.

"Special Issue No. 4: If you should find that the defendant did not transport the said shipment of cattle from Wichita Falls to Hajek, Texas, with reasonable dispatch, then was such failure the proximate cause of the damage, if any to the cattle? Answer yes or no. Yes."

In connection with special issue No. 4, the court gave the following special instruction: "You are instructed that the measure of damage, if you find that there is a damage, is the difference between the intrinsic value of the plaintiff's cattle at Hajek, Texas, in the condition in which they would have been delivered had they been transported with reasonable dispatch and their intrinsic value in their actual condition as and when delivered at Hajek, Texas."

With reference to special issue No. 2, the court instructed the jury that, if they answered same "yes," then they need not answer any of the succeeding issues. From a judgment for plaintiff in the sum of $147.50, the defendant Wichita Valley Railway Company has appealed.

Dickson & Dickson, of Seymour, for appellant.

Wheat & Wheat, of Seymour, for appellee.

FUNDERBURK, J.

J. L. Anderson brought this suit against Wichita Valley Railway Company and Fort Worth & Denver City Railway Company to recover damages for alleged injuries to 241 head of live stock shipped from Fort Worth, Tex., to Hajek, Tex. (3 or 4 miles out of Seymour) about November 4, 1930. The cause of action, as we construe the pleadings, is upon

■ Appellant's first and second propositions, by which it is contended that the court should have given its requested peremptory instruction because there was no evidence of negligence nor of damages resulting from negligence, may be disposed of with the suggestion that, as we construe the nature of the case, the existence or not of negligence was immaterial. The duty sought to be en-

forced was a contract duty, and that was to transport the cattle with reasonable dispatch. The jury found the cattle were not transported with reasonable dispatch. In such case, the resulting damages would be recoverable independently of any question of negligence. Wichita Valley Railway Co. v. Wallace (Tex. Civ. App.) 17 S.W.(2d) 150; St. L. S. W. Ry. Co. v. Morehead (Tex. Civ. App.) 207 S. W. 336; Sugarland Industries v. Universal Mills (Tex. Civ. App.) 275 S. W. 406; T. & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 714.

▪▪ No issue of negligence being involved, there was no error, as contended by appellant's third proposition, in the refusal of the court to define the term "negligence." Besides, the court, in stating the issues submitted to the jury, did not use the word "negligence." It is argued that R. S. 1925, art. 2189, requiring that the court, in submitting special issues, "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues," required the giving of the definition of negligence. This statute does not require the definition of terms not used.

▪ It may be conceded, as is insisted by appellant's fourth proposition, that "a carrier is liable only for its negligence that proximately causes the injury," without thereby determining any question affecting the validity of the proceedings or judgment under attack. The suit being one for breach of contract, "proximate cause," as the term is used in the law of negligence, has no application. True, the damages, if any, must result as a natural consequence, from the failure of duty alleged, but no question that the damages found by the jury resulted from failure of the defendant to transport the cattle with reasonable dispatch is presented by any assignment of error.

▪ Appellant's fifth proposition must be overruled because it is not supported by the record. The point made is that the court erred in permitting a witness to testify over its objection as to what constitutes the usual and reasonable time to transport the cattle. The bill of exceptions does not show that the witness was permitted to state what, in his opinion, was a reasonable time. We have recently held, in line with the established rule, we think, that a witness shown to be qualified may testify to the usual or ordinary time required to transport a shipment, but not to what constitutes a reasonable time. T. & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 714.

▪ By its sixth proposition, appellant contends that the court erred in refusing its request to give the following instruction to the jury: "Gentlemen of the Jury: You are instructed as part of the law in this case by which you will be governed just as much as by the law given in the court's main charge, as follows: The defendant cannot be held liable to the plaintiff for any damages, if any, suffered by the shipment in controversy, that necessarily resulted in course of transportation, between the point of shipment and the point of destination from ordinary handling by the carrier, such as ordinary switching and confinement in the car."

The requested special instruction was not an explanation or definition of any legal term or terms. It was an instruction only appropriate in a case submitted to a jury upon a general charge, and was improper to be given in a case like this submitted on special issues. For a discussion of this question, with citation of authorities, see the recent opinion of this court in Standard v. T. P. Coal & Oil Company, 47 S.W.(2d) 443.

▪▪ Appellant, by its seventh proposition, insists that the court, in submitting special issue No. 3, with the instruction in connection therewith, committed error in assuming that there was undisputed evidence in the case showing that the cattle in question had no market value at Fulda (meaning Hajek), Tex. The issue was: "What amount of money, if paid now, would compensate the plaintiff for his loss, if any?" The accompanying instruction is set out above. The court did not assume that the undisputed evidence showed that the cattle had no market value at Hajek. The plaintiff alleged that the cattle had no market value there. By so alleging he unnecessarily, we think, cut himself off, perhaps, from the right to recover at all had the undisputed evidence shown, or had the jury found, that the cattle did have a market value at the place in question. The trial court seems to have so viewed the case, and, accompanying the issue inquiring as to whether, at the time, there was a market for plaintiff's cattle at Hajek, instructed the jury that, if they found there was such market, not to answer the other issues. Had the jury found there was a market for the cattle, their verdict would not have supported a judgment for the plaintiff. It is clear therefore that the court did not assume that the cattle had no market value, but that question was to be foreclosed by the jury's answer to special issue No. 2. Only in the event that the jury, in answer to special issue No. 2, found that there was no market for plaintiff's cattle at Hajek at the time, were they authorized to consider and be governed by the instruction of which the complaint is made. It is true, the issue was not properly stated. It was faulty in that it assumed that the existence at the time and place of a market for plaintiff's cattle was the equivalent of whether the cattle had a market value. Appellant, however, did not object to the issue on that ground, and hence must be regarded as having acquiesced in that manner of

submission of the real issue and to have waived any right to complain of same.

What has just been said likewise disposes of appellant's eighth proposition, by which it is contended that the evidence raised an issue as to whether the cattle had a market value at Hajek. The court considered that the evidence did raise such issue, and submitted it to the jury. The jury found against the appellant on that issue.

■ Complaint is made of the refusal of the court to submit to the jury a definition of "market value." Conceding, without deciding, that market value is a legal term requiring definition or explanation under the provision of R. S. 1925, Art. 2189, the contention on this point is controlled by what has already been said in discussing the proposition complaining of the court's refusal to define the word "negligence." The court is under no duty to instruct the jury as to the meaning of words not employed in any of the special issues submitted. This is none the less true because of the fact that some explanation may have been necessary to enable the jury to pass upon the issue as it was submitted. Plaintiff is in no position to acquiesce in the submission to the jury of an issue calling for a finding as to whether there was a market for the cattle at Hajek and then complain of a refusal of the court to define the words "market value," nowhere used in the issue submitted.

Being of opinion that the record discloses no reversible error duly assigned and presented for our review, and that therefore the judgment of the court below should be affirmed, it is accordingly so ordered.

Court of Civil Appeals of Texas. Eastland. March 4, 1932.

Rehearing Denied March 25, 1932.

■

Dickson & Dickson, of Seymour, for appellant.

Wheat & Wheat, of Seymour, for appellee.