## TEXAS & N. O. R. CO. v. EAST et al.
### No. 2636.

Court of Civil Appeals of Texas. Beaumont.
Oct. 4, 1934.

Rehearing Denied Oct. 17, 1934.

R. B. King, of Corpus Christi, R. R. Mullen, Jr., of Alice, and John C. North, of Corpus Christi, for appellant.

C. W. Perkins, Jr., and Perkins & Floyd, all of Alice, for appellees.

WALKER, Chief Justice.

On trial of this case in county court, Jim Wells county, appellees, A. L. & T. T. East, recovered judgment, principal, and interest in the sum of $766.46, against appellant, Texas & New Orleans Railroad Company, for damages to a shipment of cattle from Hebbronville, Tex., to New Orleans, La. The jury found that the cattle were in good condition when delivered to the carrier, and that some of them were "in a bad condition" when the shipment arrived at its destination. The actionable negligence found by the jury, proximately causing the damages sued for, were: (a) The cattle were "unnecessarily delayed," and (b) "roughly handled in transit." The jury further found that eight head of the cattle were killed, crippled, etc., in transit, to appellees' damage per head $27.90; that appellees suffered damages as of date June 26, 1930, to the remaining cattle, (a) by reason of "their condition and appearance" in the sum of $260.20, and (b) "in excess shrinkage" $342.90. The jury further found that the damage suffered by appellees was not "the result of arsenical poisoning," the special defense pleaded by appellant. Judgment was duly entered in favor of appellees for the damages assessed by the jury, less the sum

of $296.28 remitted by appellees. The Texas Mexican Railway Company was also a party defendant to the suit, but judgment was entered in its favor on the jury's verdict. The appeal was to the San Antonio Court of Civil Appeals, transferred to this court by orders of the Supreme Court. For the pleadings and facts on a former appeal see Tex. & N. O. Railroad Co. v. East (Tex. Civ. App.) 57 S.W.(2d) 175.

The three witnesses for appellees, T. T. East, Louis Armstrong, and M. F. Hinnant, were asked in substance the following question, "What is a reasonable run from Hebbronville to New Orleans on a shipment such as this?" each witness gave in substance the following answer, "About 48 hours."

The objection urged against the answer of the first witness was that he was not "qualified"; and to the second witness, that his answer was not "responsive" to the question. After the second witness had answered the question, the following proceedings were had:

"Mr. King: He hasn't testified that he knows what the schedule was at that time.

"Mr. Perkins: The schedule doesn't make any difference, we want what a reasonable run is.

"Court: Let him testify.

"Q. You shipped them over the T. & N. O.? A. Yes, I delivered them to the Tex-Mex.

"Q. You don't know whether they went by San Antonio or Houston? A. They got there in two days.

"Mr. King: That's all."

Mr. King enters the following objection:

"We object to the question asked because it is a mixed question of fact and law as to what a reasonable run is and is a question for the jury to decide, and under all the facts and circumstances of this case, what a reasonable run is."

After the witness Hinnant was excused, appellees recalled their witness T. T. East and withdrew the testimony previously given by him and had the court instruct the jury not to consider it. Thereupon, without objection by appellant, this witness gave the following testimony:

"Q. What is the usual and ordinary time required for two car loads of cattle to move from Hebbronville to New Orleans? A. 36 to 48 hours."

Appellees also recalled their witness Armstrong and had him give the following testimony:

"Q. You testified this morning and gave your experience as a cattleman, and I want to ask you this question differently. Based upon your experience as a cattleman and in shipping and observing shipments of cattle from Hebbronville to New Orleans, can you testify what is a usual and ordinary run from Hebbronville to New Orleans? A. Yes.

"Q. What would you say in hours was a usual and ordinary run?"

Mr. King enters the following objection:

"We object—the witness is not properly qualified.

"Court: Overruled.

"Mr. King: Note our exception.

"A. 48 hours."

No effort was made to withdraw the testimony of the witness Hinnant.

■ We agree with the contention of appellees that the proceedings in regard to the testimony of their witnesses East and Armstrong had the effect of withdrawing it, on the point at issue, from the consideration of the jury; and that the court properly permitted these two witnesses to testify, when recalled, that the usual and ordinary run or schedule from Hebbronville to New Orleans was from thirty-six to forty-eight hours. Wichita Valley Ry. Co. v. Anderson (Tex. Civ. App.) 48 S.W.(2d) 361, 363.

But the testimony of the witness Hinnant was not withdrawn, and, on the record, constitutes reversible error. In the case cited, supra, the court said:

"We have recently held, in line with the established rule, we think, that a witness shown to be qualified may testify to the usual or ordinary time required to transport a shipment, but not to what constitutes a reasonable time," citing T. & P. Ry. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 714.

Answering a certified question in Houston & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, 809, the court condemned a similar question, saying:

"The answer is that the court erred in admitting the question and answer stated in the certificate, for the reason that the question called for and the answer gave the opinion of the witness on a mixed question of law and fact," citing G., H. & W. Ry. Co. v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42. See, also, Wichita Valley Ry. Co. v. Turbeville (Tex. Civ. App.) 269 S. W. 498, 502; G., H. & S. A. Ry. v. Vogt (Tex. Civ. App.) 181 S. W. 841, 848; T. & P. Ry. Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W.

351, 57 S. W. 573; Brito v. Slack (Tex. Civ. App.) 25 S.W.(2d) 881, 886; Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64; Ft. Worth & Denver City Ry. Co. v. Helm (Tex. Civ. App.) 30 S.W.(2d) 492.

We cannot agree with the contention of appellees that the withdrawal of the testimony of the witnesses East and Armstrong had the effect of withdrawing, or in any way modifying, the testimony of the witness Hinnant. His testimony was subject to the objection urged against it by appellant, and its reception, under the authorities cited, constituted reversible error.

■ Questions 8 and 11 submitted to the jury were as follows:

"Question No. 8: Find and answer how many, if any, of Plaintiffs' cows do you find from a preponderance of the evidence were killed, missing, crippled, died in transit or at destination as a proximate result of the negligence of the Defendants, or either of them."

"Question No. 11: Do you find from a preponderance of the evidence that Plaintiffs sustained any damage to the remaining cows in said shipment, as a proximate result of the negligence of the Defendants, or either of them, other than the cows inquired about in the foregoing questions?"

We sustain the objection that each of these questions improperly assumed that appellant was guilty of negligence. Texas Utilities Co. v. West (Tex. Civ. App.) 59 S.W.(2d) 459; City of Amarillo v. Rust (Tex. Civ. App.) 45 S.W.(2d) 285; Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820; Chicago, R. I. & G. Ry. Co. v. Bernnard (Tex. Civ. App.) 290 S. W. 292; Spears Law of Special Issues of Texas, §§ 193 and 195; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662, 665. In the Monzingo Case, directly in point, this court said:

"Question No. 6 was as follows: 'Did the plaintiff, M. F. Jones, sustain any damage as the direct and proximate result of the negligence of the agent of the defendant, S. F. Monzingo, Carnell Dorsey?' This charge was directly upon the weight of the evidence and assumed that Monzingo was guilty of negligence in the respect charged."

The fact that previous questions submitted to the jury the issues of negligence does not relieve these questions of error, in that the answers to questions Nos. 8 and 11 were in no way related to the previous questions. This point is made very clear by the holding of the Commission of Appeals in Proctor v. Ry. Co., 277 S. W. 1047, 1048, cited by ap-

pellant in support of the court's charge. In that case the answers to the questions excepted to were affirmatively related to the preceding questions. Overruling the objection that the issues were on the weight of the evidence, the Commission of Appeals said:

"In submitting these questions, the court expressly charged the jury that answers should be made in the event they found the fact or facts which the defendants in error contend were assumed."

Davis v. Christensen (Tex. Civ. App.) 247 S. W. 303, and U. S. Fidelity & Guaranty Co. v. Morgan (Tex. Civ. App.) 18 S.W.(2d) 810, 811, cited by appellees, are in point with the Proctor Case, and, therefore, clearly distinguishable from the case before us.

We have carefully considered all other assignments urged by appellant and overrule them as being without merit. For the reasons stated, the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded as to appellant, Texas & New Orleans Railroad Company, but affirmed as to Texas Mexican Railway Company.