## INDEMNITY INS. CO. OF NORTH AMER-
## ICA v. WEEKS.
### No. 2560.

Court of Civil Appeals of Texas. Beaumont.
Oct. 25, 1934.

Barnes & Barnes, of Beaumont, for appellant.

McCall & Boyls and F. G. Vaughn, all of Beaumont, for appellee.

WALKER, Chief Justice.

This was a compensation suit with appellee, W. W. Weeks, the employee; appellant, Indemnity Insurance Company of North

America, the compensation insurance carrier; and Gulf Refining Company of Port Arthur, Jefferson County, the employer. Appellee received his alleged injuries in the plant of the employer in the city of Port Arthur. The suit was filed in the district court of Jefferson county by appellee against appellant to set aside a compromise settlement, duly approved by the Industrial Accident Board, of a claim for compensation which, on the allegations of his petition, had accrued to him under the provisions of our Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.); by an amended petition appellee pleaded an additional cause of action for compensation at the rate of $20 per month as for permanent total incapacity for the full statutory period. The following is a brief statement of the nature and result of the suit:

On or about the 26th day of September, 1930, appellee sustained an accidental personal injury which, though not permanent, totally incapacitated him, as found by the jury, for a period of 233 weeks from the date of the injury. The jury also found that he suffered no partial incapacity prior to the trial and would suffer none whatever in the future.

Question No. 10, hereinafter discussed, to which the jury answered, "It is not," was as follows: "Special Issue No. 10. Do you find from a preponderance of the evidence that the disability, if any, of plaintiff is not the sole result of some disease independent of the personal injury, if any, received by him on the 26th day of Sept. 1930?"

It was shown without controversy that appellee and appellant entered into an agreement to settle appellee's claim upon a consideration of $209; that this settlement was approved by the Industrial Accident Board on or about December 5, 1930; and that thereafter on or about the 20th day of July, 1931, this suit was filed in the Fifty-Eighth district court of Jefferson county to set aside the compromise settlement on allegations of fraud in its procurement. Hilton Berger was appellant's agent in negotiating the settlement with appellee. The fraud charged in the petition consisted of representations made by Hilton Berger to appellee to induce him to make the settlement. Berger's representations, pleaded by appellee as fraudulently inducing the contract and submitted to the jury, were: (a) That Berger had been advised by Dr. Long that appellee's physical condition was not the result of an injury, and (b) that Berger told appellee that $209 was all

that he was entitled to receive and that if he did not recover that he would pay him further compensation.

On the allegations of Dr. Long's statement to Berger, the jury found that Berger told appellee "that he had been advised by Dr. Long that plaintiff's physical condition was not the result of an injury"; that appellee believed the statement of Berger; that he believed it "to be true;" that he relied upon the statement as being true; and was "induced to sign said compromise agreement in question because of Berger's representations * * * as to what Dr. Long said."

Question No. 14, hereinafter discussed, answered by the jury in the affirmative, was as follows: "Special Issue No. 14. Do you find from a preponderance of the evidence that at the time said compromise agreement was executed that the said Berger told plaintiff that $209.00 was all that he was entitled to receive, and that if he did not recover that he would pay him further compensation?"

The jury found that appellee believed the representations submitted by question No. 14 to be true and "was induced to sign said compromise agreement in question because of Berger's statement * * * with reference to paying further compensation." The jury further found that Berger, at the time the compromise agreement was executed, did not intend to reopen the case and to pay appellee additional compensation, in the event he did not recover.

Appellee's injuries, if any, were sustained on or about September 26, 1930. As stated above, this suit, in so far as it was an action to set aside the compromise settlement, was filed on July 30, 1931. On February 8, 1933, appellee filed with the Industrial Accident Board his written request to set aside the compromise agreement, giving as grounds therefor the issues of fraud, as found by the jury on the trial of this case. The Board refused to set aside the compromise agreement, and appellee gave due notice that he would not abide by the award and, within the statutory period for filing his appeal, filed an amended petition herein praying, in addition to his cause of action to set aside the compromise settlement on allegations of fraud, that the award of the Industrial Accident Board be set aside and that he be granted compensation at the rate of $20 per week for the full statutory period, as for permanent total incapacity. On the issue raised by this element of appellee's cause of action, the jury found, in answer to the last question submitted, that appellee "had good cause for

not filing his claim for compensation with the Industrial Accident Board up to February 8, 1933."

On the facts found by the jury, judgment was entered setting aside the compromise settlement and awarding appellee compensation for 233 weeks at the rate of $20 per week, as for total incapacity, less the $209 paid as an inducement for the settlement. Appellant has duly perfected its appeal from that judgment.

### Opinion.

On the issues made by appellee's petition, the district court had jurisdiction only to set aside the compromise settlement; it was without jurisdiction to entertain appellee's cause of action for compensation on his attempted appeal from the refusal of the Industrial Accident Board to entertain his claim. Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565.

We agree with the contention of appellant that the findings of the jury on the issue of fraud do not support the judgment, setting aside the compromise agreement. While it is true that Berger told appellee that Dr. Long had advised him that appellee's physical condition was not the result of an injury, and that appellee believed that statement and relied thereon and was induced thereby to sign the compromise agreement, the undisputed facts are that Dr. Long made that very representation to Berger. There was no allegation that Berger knew that Dr. Long's statement to him was false and, with that information, made the statement to appellee fraudulently to induce him to execute the contract. No such issue was submitted to the jury, though appellant duly requested the submission of the following issue, which was refused by the court:

"2. If you have answered Issue No. 13–C 'Yes' (that is, that appellee relied upon Berger's statement as to what Dr. Long had said), then answer this:

"Do you find from a preponderance of the evidence that Berger made said statement with intent to deceive?

"Answer 'Yes' or 'No' as you find the facts to be."

We overrule appellant's contention that issue No. 14 submitted to the jury only "a mere opinion of said Berger." The issue thus submitted was pleaded as follows: That appellant, in addition to the $209, "would pay him further compensation if he did not recover." No time limit was pleaded as to when appellee was expected to recover, nor was it pleaded that within the contemplation of the parties his recovery was to be within a reasonable time after the settlement, nor was any question submitted to the jury on these issues. The jury found against appellee's contention that his injuries were permanent, finding that he would recover within 233 weeks from the date of his injuries. It was thus made to appear by the findings of the jury that this allegation of fraud had no support in the facts—appellee was to be paid further compensation only on condition that "he did not recover," and the jury found that he would recover.

Question No. 10 did not submit a determinative issue. It is wholly immaterial that appellee's disability was not "the sole result of some disease"; the controlling issue was whether or not the incapacity found by the jury was due solely to disease or diseases, independent of the present injury, which was not the issue submitted by question No. 10. This objection to the charge was properly called to the attention of the trial court by appellant.

The issue of appellee's average weekly wage should have been submitted to the jury; it was duly requested by appellant.

Question No. 14 was duplicitous, in that it combined and submitted to the jury the two issues: (a) Whether or not Berger told appellee that $209 was all that he was entitled to receive; and (b) if he did not recover that he would pay him further compensation. J. M. Radford Grocery Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998.

No error was committed in refusing to submit the issue as to whether or not appellee sustained his injuries in the course of his employment. If he was injured, it was established by the uncontroverted evidence that the injuries were received in the course of his employment.

On another trial appellee should base his hypothetical questions on the testimony adduced before the jury and should not embody in his questions an element that has no support in the evidence.

Question No. 4 was as follows: "From a preponderance of the evidence for what number of weeks will the said W. W. Weeks' total incapacity for work exist?" We sustain the assignment that this issue was on the weight of the evidence. It was not predicated upon the answer to any preceding issue and, therefore, clearly assumed that appellee had suffered a total incapacity. T. & N. O.

Ry. Co. v. East (Tex. Civ. App.) 74 S.W.(2d) 1052, and authorities therein cited.

 It is immaterial that appellee pleaded his injuries as of date August 26, 1930, and proved an injury as of date September 26, 1930. Lime was not the essence of appellee's cause of action, and it was not suggested that appellant was surprised by this development of the facts.

The two last propositions complain of argument of counsel for appellee, which should not be repeated on another trial.

For the errors discussed the judgment of the lower court is in all things reversed, and the cause remanded for a new trial.