No. 17,187.

RALPH YOCKEY, AS YOCKEY TRUCKING COMPANY *v.*
MAE I. GRAVES, EXECUTRIX.
(281 P. [2d] 1004)

Decided March 21, 1955.   Rehearing denied March 25, 1955.

Mr. TRUMAN A. STOCKTON, JR., Mr. JOHN H. LEWIS, for plaintiff in error.

Mr. ERSKINE MYER, Messrs. CREAMER AND CREAMER, Mr. GERALD M. QUIAT, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

A WRIT of error was issued in this case directed to the

district court of the City and County of Denver to review the proceedings in an action for damages for breaches of an oral contract to transport cattle. Plaintiff in error was the defendant in the trial court and defendant in error was plaintiff. The parties will herein be designated as they appeared in that court. Plaintiff becoming deceased, his executrix was substituted as plaintiff. Trial was to the court, which entered findings and a judgment for plaintiff. A motion for new trial was dispensed with.

May 24, 1950, plaintiff hired defendant trucking company, a common carrier, to transport cattle from Colorado to a definite loading area in Wyoming. Defendant loaded thirteen trucks with 338 cows and 242 calves for transport along a specified route. In Wyoming, because of rain, the trucks mired in the dirt road and none of them reached their destination point. At Tie Siding, Wyoming, plaintiff's agent met the trucks; designated the remaining route to be followed; and refused to allow the cattle to be unloaded short of their destination. Plaintiff claimed defendant carrier was negligent; that the cattle were unduly delayed in transit without water and feed; were roughly handled; and many wounded, bruised and thrown down and injured. Finally, the cattle were "jumped", along the route, from the trucks by the drivers, many in unfenced country where the cows and calves separated and roamed for long distances. Some 22 cows and 44 calves died in the trucks, were compensated for by plaintiff's insurance company, and are not involved in this controversy. Those cows and calves that had not died in the trucks are the only ones here involved. After some six weeks, 40 cows and 70 calves of the "jumped" cattle remained unaccounted for, some having died or been permanently lost, cows aborted and calves "bummed," and others had lost materially in weight. It was stipulated the value of a deceased cow was $175.00 and a deceased calf $55.00.

By answer defendant denied it violated its contract of carriage, denied that it was negligent, denied injury and

damage to the cattle, and alleged that any damage was due to an act of God or to acts of plaintiff's agent; and further alleged that plaintiff was not the real party in interest. By a cross complaint it sought to recover its transportation charges under the contract for the May 24, 1950 shipment.

The trial court found (summarized): (1) That plaintiff hired defendant to transport cows and calves from Colorado to the "home pasture loading area" in Wyoming, by a designated route; (2) that defendant breached its contract of carriage and did not deliver the cows and calves according to the contract; (3) that there was no act of God; (4) no act of any public enemy; (5) no act of negligence by plaintiff or his employees, and (6) no inherent nature of the goods shipped which would operate to excuse the defendant. That plaintiff was the real party in interest; that by reason of defendant's breach, plaintiff sustained damages. Judgment was entered in favor of plaintiff. The court further found that defendant was not entitled to transportation charges on cattle shipped on May 24, 1950 by reason of its breach of the contract.

Defendant Yockey urges the following points for reversal (summarized): (1) It was incumbent on plaintiff to prove specific negligence of the carrier. (2) That plaintiff and his agents committed negligence, and (3) that plaintiff's employees assumed control of the shipment which would relieve defendant of liability. (4) Where shipper's agent accompanies the shipment, the shipper must prove specific negligence of the carrier. (5) Plaintiff did not sustain the burden of proof to award damages. (6) That the damages awarded were speculative and uncertain. (7) That plaintiff Graves was not the real party in interest. (8) That defendant Yockey is entitled to compensation for the transportation of cattle on May 24, 1950.

Defendant's points for reversal may be combined into its three defenses: (a) That plaintiff is not the real

294

party in interest; (b) that the damages were due to an act of plaintiff's agent; (c) or due to an act of God.

In the case of *Colorado & Southern Railway Co. v. Breniman,* 22 Colo. App. 1, 125 Pac. 855, the appellate court quoted with approval from Moore on Carriers, page 509, as follows:

"The general rule maintained by all the authorities is that carriers of livestock are liable absolutely for loss of or injury to stock intrusted to them for transportation, like other common carriers, unless the loss or injuries were occasioned by the act of God, or the public enemy, or the negligence of the shipper, except that they are not liable for loss or injury caused by the 'proper vice' or natural propensities of the animals themselves, and not by any negligence on the part of the carriers." See *Railway Co. v. Rainey,* 19 Colo. 225, 34 Pac. 986.

■ ■ The present action was for breach of contract. Plaintiff was not required to establish negligence on the part of defendant, but only to establish the breaches of the contract. This being shown, the resulting damages therefrom would be recoverable independently of the question of defendant's negligence. *Wichita Valley Ry. Co. v. Anderson,* (Tex. civ. app.), 48 S.W. (2d) 361.

■ The trial court's findings were made on disputed evidence; the record discloses substantial evidence to support its findings; and they will not be disturbed on review.

The judgment is affirmed.