Opinion adopted by the Supreme Court.

**LEAP et al. v. BRAZIEL.**

No. 2179—7133.

Commission of Appeals of Texas, Section A.

Nov. 23, 1938.

R. H. Mercer and H. C. Covington, both of San Antonio, for plaintiffs in error.

Jones & Kirkham and John J. Pichinson, all of Corpus Christi, for defendant in error.

GERMAN, Commissioner.

This suit was instituted by defendant in error Cindia Hughes Braziel against plaintiff in error Albert W. Leap to recover damages for personal injuries, which injuries resulted from a collision between a car driven by defendant in error and a taxicab driven by an employee of plaintiff in error. The parties will be designated as in the trial court. Judgment was rendered by the trial court in favor of plaintiff and said judgment in that respect was affirmed by the Court of Civil Appeals. 93 S.W.2d 1213.

Practically the sole question to be determined here is whether or not the trial court erred in the definition of "proximate cause" which was given to the jury. Such definition was as follows: "By the term 'proximate cause' as used in this charge, is meant a cause which immediately precedes and directly produces the injuries, if any, complained of, and without which the injuries would not have happened, and which injuries might reasonably have been anticipated by an ordinarily prudent person as the natural and probable consequence of such cause."

The two principal objections to this definition are these:

(1) That it was error to define "proximate cause" as a cause "which immediately precedes and directly produces" the injury; because a proximate cause may sometimes be a cause which does not immediately precede the injury, and may be a concurring cause rather than the cause which "directly produces" the injury.

(2) Because it ignores the element of new and intervening cause.

We think it may be admitted that abstractly the definition is defective and erroneous in both of these particulars.

█ It must be admitted, however, that if it affirmatively appears from the record that such erroneous definition could not have affected the jury in its findings upon facts which, within themselves, show liability of defendant, then the error becomes harmless. For instance, defendant relies first upon the case of Texas & P. Ry. Co. v. Bufkin, Tex.Civ.App., 46 S.W.2d 714, in which a very similar definition of a proximate cause was criticized, and yet the court affirmed the judgment of the trial court. Application for writ of error was dismissed by the Supreme Court in that case. Again, defendant relies upon the case of Panhandle & S. F. Ry. Co. v. Miller, Tex.Civ.App., 64 S.W.2d 1076, but in that case the judgment was affirmed, notwithstanding the erroneous instruction. In that case the court took occasion to say that the error was in favor of appellant, citing the case of Texas & P. Ry. Co. v. Bufkin, supra. In the case of Phœnix Refining Co. v. Tips, 125 Tex. 69, 81 S.W. 2d 60, the court said [page 61]: "An act may be the proximate cause of an injury when it is not the nearest or last cause in connected succession of the events which leads to a result. Also the converse may be true." However, in that case the court continued almost immediately to set out a state of facts which clearly raised the issue of a new and intervening cause, and which tended to exclude the idea that the cause which immediately preceded the injury was the sole cause of same.

We now investigate to see if the definition complained of may have had any harmful effect upon the jury in the matter of its findings, as regards the liability of defendant. In the first place we agree with the Court of Civil Appeals "that there is no evidence from which the jury could have inferred, or even surmised, any intervening agency or cause which could possibly have interrupted the sequence of the several acts which led directly to the injuries, as found by the jury." 93 S.W. 2d 1215. It is true, then, that the only acts which could have caused, or contributed to cause, the injuries to plaintiff were those of the parties themselves, as disclosed by the pleadings, and which were submitted to the jury. We briefly summarize these acts by reference to the special issues and the answers of the jury thereto. As to acts of defendant, the jury found:

(1) That the operator of defendant's car was operating same at a rate of speed in excess of twenty-five miles per hour.

(2) That this was a proximate cause of the injuries.

(3) That the operator of defendant's car failed to keep a proper lookout to avoid collision with plaintiff's car.

(4) That this was negligence, and a proximate cause.

(5) That the operator of defendant's car failed to give the right of way to plaintiff's car.

(6) That this was negligence, and a proximate cause.

(7) That the operator of defendant's car when approaching the intersection of the streets where the accident occurred was conversing with passengers in the rear of the car.

(8) That this was negligence, and a proximate cause.

(9) That the driver of defendant's car was operating at a rate of speed in excess of forty-five miles per hour.

(10) That this was a proximate cause of the injuries.

(11) That said driver was operating defendant's car on the lefthand side of the street.

(12) That this was negligence, and a proximate cause.

There were further findings that the driver of defendant's car was guilty of negligence, and that such negligence was a proximate cause of the injuries.

As to plaintiff, the jury found as follows:

(1) That just prior to the accident she did not fail to keep a lookout.

(2) That just prior to the accident she did not operate her automobile at a reckless rate of speed.

(3) That she failed to apply her brakes or slow down her car just prior and immediately before the accident.

(4) That this was not negligence, and was not a proximate cause.

(5) That she was not driving her car with defective brakes.

(6) That she failed to reduce the speed of her automobile upon approaching the intersection of the streets.

(7) That this was not negligence, and was not a proximate cause.

(8) That she did not fail to blow her horn when approaching the intersection.

(9) That she did not enter the intersection after defendant had entered same.

(10) That she did not fail to keep her car under control immediately prior to the accident.

(11) That she did not attempt to pass immediately in front of defendant's car at such a rate of speed as to endanger defendant's car or its driver.

(12) That just prior to the accident she could not have turned her car to the left and have avoided the accident.

(13) That she did not see defendant's car as she approached the intersection.

(14) That after seeing defendant's car she did not fail to keep a proper lookout.

■ From the foregoing findings it appears affirmatively that the negligent acts of defendant "immediately preceded and directly produced the injuries to plaintiff;" and the findings of the jury show that there were no negligent acts on the part of plaintiff which could have intervened, contributed to, or in any manner have been a remote or precedent cause of the accident. Therefore, the jury in making their findings upon questions of negligence, other than proximate cause, could not have been in any manner influenced by the definition of "proximate cause." The negligent acts of defendant were, as a matter of law, the proximate cause of the injuries, within the legal definition of that term, as well as within the terms employed in the court's charge. It is obvious, therefore, that the instruction was favorable to defendant.

It is true that if the jury had found that the failure of plaintiff to reduce the speed of her car when approaching the intersection, or her failure to apply her brakes immediately before the accident, had constituted negligence, then an entirely different question would be presented. The jury, however, in both of these respects acquitted her of negligence, and the question of proximate cause in those two respects was taken out of the case.

■ This suit was originally instituted against defendant Leap and also against the Maryland Casualty Company, upon allegations that it had issued a policy of liability insurance upon defendant's car. In the trial court the Maryland Casualty Company interposed a plea in abatement, which was sustained, and the Company was dismissed from the case. After trial of the case against defendant Leap, and after the filing of the findings upon special issues, plaintiff filed a motion to have judgment entered in her favor against Leap, and further for a judgment "over" in her favor against the Maryland Casualty Company. This motion was contested by the Maryland Casualty Company, and as to it the motion was overruled. Plaintiff prosecuted no appeal as against the Casualty Company from either the action of the trial court dismissing that Company from the suit or from the action of the court denying a recovery over against it. On the appeal by defendant Leap the Court of Civil Appeals rendered judgment against the Maryland Casualty Company in the sum of $5,000. That Company has joined in the application for writ of error to correct the action of the Court of Civil Appeals in this respect. The Casualty Company was in no sense a party to the suit and the Court of Civil Appeals was wholly without jurisdiction over it. The judgment as to it was therefore a nullity. Milliken v. Coker, Tex.Com.App., 115 S. W.2d 620.

In view of the fact that the policy of insurance, if any, was not in evidence, we are not authorized to discuss its terms.

There are other assignments in the application for writ of error, but we agree with the Court of Civil Appeals that they are without merit.

The judgment of the Court of Civil Appeals, in so far as it is against the Maryland Casualty Company, is reversed, and said judgment set aside and held for naught. Maryland Casualty Company will recover the costs incurred by it. The judgment of the Court of Civil Appeals affirming the judgment in favor of defendant in error Cindia Hughes Braziel and against plaintiff in error Albert W. Leap, is affirmed.

Opinion adopted by the Supreme Court.