**TEXAS PUBLIC UTILITIES CORPORATION v. MARTIN.**

No. 14023.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 2, 1940.

890

R. B. Hood, of Weatherford, and Cantey, Hanger, McMahon, McKnight & Johnson and Carlisle Cravens, all of Fort Worth, for appellant.

Ben J. Hagman, of Weatherford, for appellee.

DUNKLIN, Chief Justice.

This appeal is by the Texas Public Utilities Corporation from a judgment against it in favor of W. T. Martin, for damages resulting to him from an injury which he alleged he. sustained in stepping into an· open water meter box maintained by the defendant on a sidewalk of one of the public streets of the City of Weatherford.

In answer to special issues, the jury before whom the case was tried found that defendant was guilty of negligence in the following particulars, each of which was the proximate cause of ·the injury sustained by plaintiff when he stepped into the meter box and fell, to-wit:

(a) In setting up and placing the meter box on the sidewalk and traveled portions thereof.

(b) In failing to provide and keep in good repair a lock to fasten the lid on the meter box.

(c) In failing to lock and keep locked and fastened said lid.

(d) In failing to provide a cover or lid that would sit securely on the meter box.

(e) In allowing the grooves in the side of the meter box to become so filled with dirt and debris that the lid failed to sit securely on the box.

All of those issues were tendered in plaintiff's pleading.

Preliminary to the issues, the court gave definitions of "ordinary care", "negligence", "contributory negligence" and "proximate cause". Definition of the latter was as follows: "You are instructed that the term 'proximate cause', as that term is used in this charge, means the moving and efficient cause, without which the injury in question would not have happened; an act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in `question, and one that ought to have been foreseen by a person of ordinary care and prudence in the light of the attending circumstances. It need not be the sole cause, but it must be a concurring cause, which contributed to the production of the result in question, and but for which the said result would not have occurred."

Plaintiff testified that he was 43 years of age; that on January 2, 1939, ·at 8:00 o'clock in the evening, while walking to-

wards town, he stepped in defendant's open water meter box located in about the center of the sidewalk, which caused him to fall and sustain the injury for which he sued. According to plaintiff's testimony, there was no lid on the meter box when he stepped in it and fell and his leg was injured. Testimony of other witnesses for plaintiff showed without controversy that the lid, which weighed thirty and a half pounds, was lying to one side and near the meter, with the bottom side up, thus showing that some one had removed it from the box. According to testimony introduced by defendant, the lid was not removed by any of its employees or by any one else at defendant's instance. And according to the testimony of one witness, the lid was on and covered the box about one hour before the accident occurred. It was undisputed that the lid was unlocked and no lock provided for it.

Oscar Green, witness for plaintiff, testified that on one occasion just before Christmas of 1938, he found the meter box lid sitting "antigodling", meaning partly over and partly off the box, and he pushed it back over the top of the opening, without lifting it, and that it fitted in a groove. J. C. Gunn, an employee of the defendant, as a meter reader, was introduced as a witness for plaintiff and testified that he read this particular meter some time between the 16th and 23rd of December, 1938; that he always read the water meters of the defendant between those dates of each month, and had done so for five years; in order to read them it was necessary to first remove the lid; if the lid was locked he unlocked it with a heavy metal key he carried for that purpose; that although the lid on this box had no lock on it he had never found it off the meter box; that the only way you can remove the lid from any box is to lift it off with a key inserted in a slot in the lid; that the meter box is about 14 inches deep and 12 inches wide; and that no complaint was ever made to him that there was anything wrong about the meter box; when he found the grooves in the edge of a box filled with sand, his custom was to remove it; that he could not remember finding that condition in this box; he never reported to his company the absence of a lock on the lid or anything about the lid not fitting into the grooves; that it was his duty to report to the defendant any defective condition of the water box.

Such testimony was sufficient prima facie to support a finding that plaintiff's injury resulted from some new and independent intervening agency other than the negligence of defendant. And the failure of the court in omitting from the definition of proximate cause the element of new and independent intervening agency, to-wit, some person other than an employee of defendant, upon defendant's objection pointing out that omission, was reversible error. Texas & N. O. Ry. Co. v. Robinson, Tex.Civ.App., 57 S.W.2d 938, and decisions there cited. Also, Miller v. Panhandle & S. F. Ry. Co., Tex.Civ.App., 35 S.W.2d 194; Blanch v. Villiva, Tex.Civ.App., 22 S.W.2d 490. See, also, Leap v. Braziel, Tex.Com.App., 121 S.W.2d 334, in which it was held that although the definition there invoked was erroneous, yet the error was harmless, since the evidence showed liability of the defendant as a conclusion of law. Robertson & Mueller v. Holden, Tex. Com.App., 1 S.W.2d 570, and cases there cited.

Indeed, plaintiff's allegations of negligence in failing to keep the lid on the water box locked, and in permitting debris to accumulate in the grooves of the box and thereby prevent a secure seating of the lid, were necessarily referable to the removal of the lid by some third person other than an employee of defendant. They could have no application to the defendant's reader of meters, because in order to read them it was necessary for him to remove the lid so he could look down in the opening and see the meter dial, whether or not the lid was locked, or insecurely seated in the grooves, as the result of accumulation of sand therein. And the evidence shows without dispute that the meter reader was the only employee charged with looking after the condition of the water box.

In appellee's briefs it is further insisted that the definition of proximate cause given by the court necessarily excluded an intervening cause or agency, citing the opinion of the Court of Civil Appeals in Texas & Pacific Ry. Co. v. Bufkin, 46 S.W.2d 714 (writ of error dismissed), in which a definition quite similar to the one in question here was held to exclude the element of intervening cause, even though there was evidence tending to show such. In Leap v. Braziel, Tex.Com. App., 121 S.W.2d 334, the decision in the Bufkin case was noted. Also the opinion

of the Court of Civil Appeals in Panhandle & S. F. Ry. Co. v. Miller, 64 S.W.2d 1076, in which it was stated that the definition given in the Bufkin case was favorable to the defendant. The court also cited the decision of our Supreme Court in Phoenix Ref. Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60, 61. From the last cited case we quote the following from the opinion of Justice Critz:

"In this connection the term 'proximate cause' is generally defined by our authorities as that cause which, in natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which the result would not have occurred. 30 Tex.Jur. p. 710, and notes. Of course there are some cases of proximate cause in which the issue of new and independent cause does not arise.

"Where under the evidence it is necessary to use the phrase 'new and independent cause,' or a phrase of similar meaning, in defining 'proximate cause,' it is proper to define the phrase 'new and independent cause.' This term or phrase means 'the act or omission of a separate and independent agency, which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury.' 30 Tex.Jur., p. 712, and notes.

\* \* \*

"We think a mere statement of the rules of law involved in the question of proximate cause as applied to the evidence we have detailed demonstrates that the trial court should have stayed in the beaten path in submitting the issue of proximate cause. This is evident because had he done so the defendant could have requested a charge or charges defining the term. As it was he was denied this right.

"Also the evidence we have detailed shows that in defining 'proximate cause' it would have been necessary to use the phrase 'new and independent cause,' or a phrase of similar import, and this being true, defendant would have been entitled to a charge defining 'new and independent cause.' He was deprived of this by the way the case was submitted. New and independent cause was in the case because of the circumstance of Tips passing the other car just before the collision with the events attendant upon such passing.

"Also the question of whether the Refining Company ought to have foreseen the accident and its resultant injuries was raised by the evidence in this record. The charge as submitted was calculated to eliminate such question."

■ We believe that special issue No. one was erroneous, because it submitted the alleged negligence of defendant in maintaining the water meter box on the sidewalk, irrespective of the condition in which it was maintained, in the absence of any pleading or evidence that its presence on the sidewalk was of itself necessarily dangerous to the public and that it necessarily could have been placed at some other location, without impairing defendant's duty to furnish water to the citizens of Weatherford. Indeed, in plaintiff's pleadings the complaint is of failure to keep the lid locked and properly fitted in the grooves of the box provided to hold it in place; with no allegation of negligent construction of the box, or that its presence on the sidewalk was per se a dangerous public nuisance, for which defendant was answerable; but that the condition in which it was maintained was the negligence for which defendant was liable. With those specific issues of negligence submitted it was error to submit the first issue under which the jury might have found that, independently of those specific issues of negligence, the defendant had no lawful right to maintain the water box in the traveled portion of the sidewalk, at all events.

■ Since the judgment must be reversed and the cause remanded, for the errors indicated above, we deem it unnecessary to discuss other assignments of error presented in this record, except to say that if there be evidence sufficient to support a finding that the lid was removed from the water box by some third person, other than an employee of defendant, then defendant cannot be held liable for the resulting injury to plaintiff in the absence of a further showing that by the exercise of ordinary care it could and should have discovered that condition and replaced the lid before the accident in question happened, and the failure of the court to submit that phase of negligence as a basis for recovery was error, as pointed out by appellant in some of its assignments of error.

For the reasons noted, the judgment of the trial court is reversed and the cause remanded.